## MATTHEW AHERN *vs.* CHARLES EASTERBY.

The plaintiff was sent to jail for four months, for an assault upon his wife, by which she was disabled from work. He took with him all his money, making no provision for her necessities. She suffered from destitution and had no means whatever of support, and in her extremity sold a cooking stove belonging to the husband for a reasonable price, to a person knowing her condition, for the purpose of procuring the means of buying necessaries, and used the money for that purpose. Held in replevin afterwards brought by the husband against the purchaser, that the wife had power in the circumstances to make the sale.

REPLEVIN for a cooking stove claimed to be unlawfully detained; brought to the City Court of the city of Hartford, and tried to the court on the general issue, with notice, before *Sumner, J.* The court found the following facts.

For several months prior to December 4th, 1874, the plaintiff and his wife had been house-keeping, and had used the stove replevied in this action, which had been bought and paid for by the plaintiff. On that day the plaintiff was committed to jail for the term of four months for an assault and battery upon his wife, and remained in jail until about April 4th, 1875.

During the term of his imprisonment his wife was in ill health and physically unfit to work or to maintain herself, and for a considerable portion of the time was under medical treatment in consequence of the plaintiff's assault upon her. During this period she was in destitute circumstances and suffered from want of the necessaries of life, and on the 11th day of March, 1875, she sold the stove in question to the wife of the defendant for the sum of twenty dollars; the sale being made for the purpose of obtaining food and necessaries for her subsistence. She received the payment for the stove in money and expended the money for her necessary support. The plaintiff never authorized the sale nor knew of it prior to the sale. During his confinement in jail he had money in his possession. No application was made to him for aid for his wife, nor was any offer of support made by him to her. The defendant and his wife were fully acquainted with the destitute condition of the plaintiff's wife at the time of the sale.

Upon the foregoing facts the plaintiff claimed that he was entitled to judgment, for the following reasons :—

1st. Because it appeared that his wife had no express authority from him to sell the stove, and that she had no implied authority at law to sell it.

2d. Because she was not his implied agent, under the circumstances, to sell the stove to obtain money for the purchase of necessaries.

3d. Because she had no authority to sell the stove without his consent even to procure money for the purchase of necessaries, without first applying to him for the necessaries, or money to procure the same, or at least without first notifying him that she was in need of the same.

The court overruled all these claims of the plaintiff, and rendered judgment for the defendant.

The plaintiff brought the record before this court by a motion in error, assigning as error the overruling of the claims above stated.

*O'Flaherty*, for the plaintiff.

1. The rule under which a wife has power in certain cases to purchase necessaries on the credit of her husband, does not apply to this case. That rule is that the wife is the implied agent of the husband, to buy such necessaries as she stands in need of, upon the credit of the husband, *if he refuses to furnish the same.* 1 Parsons on Cont., 347; *Keller* v. *Phillips*, 40 Barb., 391. And this implied power exists where the wife is living separate from the husband, without fault on her part, as well as where she is still living with him. 1 Swift Dig., 34. But where she is living separate from her husband, she is not obliged to notify him that she is in need of necessaries, before subjecting him therefor, for his misconduct in driving her from home excuses her from so doing. He gives her a letter of credit to the whole world, to buy necessaries in his name, and upon his credit. 1 Swift Dig., 34. And his express dissent to the purchase will not excuse him from paying for the same. But where the

wife is living with the husband she must first appeal to him for necessaries, and he must refuse to supply her with the same, before she can purchase them upon his credit. The reason for this is, that as the husband is bound to furnish the necessaries, he shall have the opportunity, without the interference of strangers, to select them and buy them from whomsoever he sees fit. *Keller* v. *Phillips*, 40 Barb., 390. In this case the wife of the plaintiff was living with him at the time of the sale. He was not aware of her destitute condition, unless there be a presumption that a husband must know the circumstances of his wife. But this is a question of fact alone. The plaintiff did not refuse to furnish his wife with necessaries, unless the omission so to do amounted in law to a refusal. But an omission to do a thing is not a refusal to do it, for the former may arise from an ignorance of the fact to be done, while the latter presupposes a knowledge of it. A refusal should be something more than a mere omission; there should be a positive intention not to furnish necessaries, upon application being made therefor, or at least, a total neglect so to do, after notice that the wife was in need of the same.

2. Has the defendant furnished necessaries to the wife of the plaintiff? Evidently he has not, for the term "necessaries" includes only food, drink, clothing, washing, physic, instruction, and a place of residence. *St. John's Parish* v. *Bronson*, 40 Conn., 75, and cases therein cited. It does not include money advanced to the wife. 1 Rev. Swift Dig., 32; *Earle* v. *Peale*, 1 Salk., 386; Chitty on Cont., (10 Am. ed.,) 185; Schouler's Dom. Rel., 79. At law the husband is not liable to one advancing money to the wife, without his consent. *Walker* v. *Simpson*, 7 Watts & Serg., 83; *Stone* v. *Macnair*, 7 Taunt., 432; *Stephenson* v. *Hardy*, 3 Wils., 388. Nor is the rule different, even if the money is advanced to the wife for the purpose of buying necessaries, and is actually expended by her in the purchase of the same. *Knox* v. *Bushell*, 3 Com. Bench, N. S., 334; 1 Swift Dig., 34; *Walker* v. *Simpson*, supra; 2 Smith Lead. Cas., H. & W. Notes, 454. In such a case the lender's only remedy is in

a court of equity. Chitty on Cont., 186; *Harris* v. *Lee*, 1 P. Wms., 482; *Marlow* v. *Pitfield*, id., 558; *Walker* v. *Simpson*, supra. This being the law, how could the wife of the plaintiff sell his property without his consent, even to procure money for the purchase of necessaries? No one, unless he be the owner, or be authorized by the owner of personal property, can sell or dispose of the same. But the defendant says that the wife was in destitute circumstances, and that she would be remediless if she were not allowed to sell her husband's property. But though the wife be in destitute circumstances, and .borrow money to buy necessaries, the husband, as we have seen, is not obliged to repay the money. *Walker* v. *Simpson*, supra; *Knox* v. *Bushell*, supra. Nor was she remediless, for, for aught that appears, she might have bought the necessaries upon the plaintiff's credit.

3. While in the exercise of the extraordinary power which the wife possesses, of buying necessaries upon the credit of the husband, she is looked upon as his implied agent, yet she should not be considered as possessing greater power than implied agents usually possess, and her implied power should be governed by the same rules which apply to the ordinary class of implied agents. *Benjamin* v. *Benjamin*, 15 Conn., 355. In other words, the wife should not exceed the authority which the law gives her. This authority, as we have seen, is *limited to the actual purchase of necessaries*. No case has gone to the extent of holding that the wife can sell the property of the husband against his consent, to obtain money wherewith to buy necessaries. If a wife should be allowed to sell the property of the husband, without his consent, to obtain money to buy necessaries, she should be allowed to do so only where she is in need of necessaries, and the husband is aware of that fact, and refuses to supply her with them upon application made to him therefor, and where the wife, having applied to dealers in necessaries, is unable to procure them upon the credit of her husband, and can obtain them only by a sale of his property.

*McManus*, for the defendant.

PARDEE, J. The case finds that on the 4th day of December, 1874, the plaintiff was committed to jail for the period of four months for an assault and battery upon his wife, taking with him all his money; that during his term of imprisonment she was in ill health, physically unable to work or maintain herself, and for a considerable portion of the time was under medical treatment in consequence of the assault; that she became destitute and suffered from want of the necessaries of life; that she sold a cooking stove belonging to him for twenty dollars to the defendant, who knew of her destitute condition, in order to obtain means for her necessary support, and expended the money for that purpose.

This finding implies an exhaustion of her own ability to labor, her own means, the credit of herself and of her husband, and even the aid of the charitable. All these presumably precede suffering from hunger and cold.

The law, while it imposes upon the husband the duty of supporting his wife, as a general rule leaves him the sole judge as to the manner in which and the methods by which he can best discharge that duty. Therefore he has the right, and is entitled to an opportunity, to elect whether he will use his credit, his money, or his property, for that purpose.

The rule which requires the wife to make an application to him for support before she shall be permitted to dispose of any of his property for the supply of her necessities, can have no other foundation in reason than that he would thereby obtain knowledge of her needs, presumably unknown to him because unsupplied by him, and the opportunity for furnishing relief in the way least onerous to himself.

We must presume that the plaintiff knew that his assault had incapacitated his wife for labor; he knew that he had taken all the money in the possession of the family, with himself to the jail; he knew the circumstances of the household in all their details, and that he had not made provision for his wife's support during an enforced absence, the result

of his own fault. Thus, he had full knowledge of her necessities; he had money in hand with which he could supply them; and he had an opportunity for selecting the method most satisfactory to himself for accomplishing that result; but he used neither his knowledge nor his money, and wholly neglected the duty cast by the law upon him. Therefore there remained no legal necessity for a formal demand, as a pre-requisite to her right to sell. Without that the obligation of the law was upon him in all its force, and if he would save his property from being sold for food he must supply it.

No claim is made that more property was sold than sufficed to supply the wife's immediate necessities; or that the sale was for an inadequate price.

Upon the facts, this case is relieved from the operation of the general rule that a wife is not authorized to dispose of property belonging to her husband.

A new trial is not advised.

In this opinion the other judges concurred.