SOTHAM *v.* KERN.

1. BROKERS—AGREEMENT TO PAY COMMISSIONS—FRAUDS, STATUTE OF.

A statement in writing signed by the owner of a farm that he had given plaintiff, a broker, an option thereon for a certain sum, one-third of which was to be cash, plaintiff "to receive a commission of 5 per cent. on the first cash payment," *held*, sufficient to satisfy the statute (3 Comp. Laws 1915, § 11981, subd. 5) requiring agreement to pay a commission on the sale of land to be in writing.

2. SAME — COMMISSION EARNED WHEN CONTRACT ACCEPTED BY SELLER.

Although the contract of sale as finally drawn did not require the purchaser to pay one-third cash, plaintiff was

On performance of contract by a real estate broker to find a purchaser or effect an exchange of his principal's property, see note in 44 L. R. A. 593.

Where agent procures purchaser at a price stated by his principal but on slightly different terms in regard to cash or time of payment and the owner refuses to consummate the sale, see note in 21 L. R. A. (N. S.) 935.

nevertheless entitled to the agreed commission of 5 per cent. thereon, since the contract as entered into was satisfactory to defendant.

3. SAME—TIME—PRODUCTION OF CUSTOMER SUFFICIENT

Where a broker, within the time specified, produced a purchaser ready, able, and willing to purchase on the seller's terms, his commission was earned, although the deal was not finally consummated until after the expiration of the time limited, since his undertaking was not to consummate a sale, but to find a purchaser.

4. SAME—DEMAND OF ABSTRACT AND TAX HISTORY—EFFECT.

Where the seller raised no objection to the purchasers' request for an abstract and tax history, but treated it as part of the agreement, he could not urge it to defeat the broker's right to his commission on the sale.

Error to St. Clair; Tappan (Harvey), J. Submitted October 10, 1922. (Docket No. 63.) Decided December 5, 1922.

Assumpsit by Thomas F. B. Sotham against Christian Kern for commissions on the sale of real property. Judgment for plaintiff on a directed verdict. Defendant brings error. Affirmed.

*John B. McIlwain*, for appellant.

*W. L. Jenks*, for appellee.

CLARK, J. On October 13, 1919, for a consideration, defendant agreed in writing with plaintiff, the agreement being written by defendant, that at any time within 60 days from date he would convey to any person or persons as plaintiff might direct his farm in St. Clair county. The price was to be $64,750 payable as follows: "One-third cash and the balance in two or three equal annual payments." The agreement also provided:

"It is agreed by and between the parties hereto, that if the said party of the second part (plaintiff) at the expiration of the aforesaid limited time shall have

declined or omitted to make application for the purchase of said land at the price aforesaid, then this instrument shall be void," etc.

At the time defendant also gave plaintiff a writing, as follows:

"October 13, 1919.
"To Whom It May Concern:
"This is to certify that I have this day given Mr. T. F. B. Sotham, an option on my farm in East China township for the sum of sixty-four thousand seven hundred fifty dollars, one-third of which is to be cash and balance as stated.    Mr. Sotham is to receive a commission of 5 per cent. on the first cash payment.
"C. KERN."

On November 5th, plaintiff found a purchaser, Grindley, and assigned his interest in the agreement to him, of which defendant had knowledge. On November 24th defendant gave plaintiff another paper:

"Nov. 24th, 1919.
"Mr. T. F. B. SOTHAM,
"St. Clair, Mich.
"In reference to the matter of the first payment of $21,583.33, as provided in the attached option contract, of October 13, 1919, I hereby agree to accept payment of $6,583.33 on or before December 10, 1919, and I will accept the balance of said first payment of fifteen thousand dollars on or before April 10, 1920, at which time possession is to be given and sale closed, otherwise said contract shall remain in force.
(Signed) "C. KERN."

And then the following:

"The above payments are each extended for thirty days in consideration of five hundred dollars this day paid, same to apply on account.
(Signed) "C. KERN."

The $500 to be applied on account was paid by Grindley to defendant. Within the time and on January 8, 1920, Grindley and wife gave to defendant a letter stating that they had decided to purchase in

accordance with the "option contract and amendments thereto" and that they were ready to close the deal, and requested a land contract with abstract and tax history. On February 3d the land contract was made by defendant and wife and Grindley and wife, the price being $64,750, payable as follows:

"February 3, 1920, $6,750; May 10, 1920, $10,000; February 1, 1921, $10,000; February 1, 1922, $10,000; February 1, 1923, $10,000; February 1, 1924, $18,000; with interest," etc.

Plaintiff not having his commission, sued to recover 5 per cent. of one-third of the purchase price as per original agreement. Defendant testified:

"Q. Under any condition Mr. Sotham was to get 5 per cent. commission on $21,583?
"A. That is what I understood.
"Q. That is your understanding now?
"A. Yes, sir.    *    *    *
"Q. Do you claim now by reason of your extension of the contract with Mr. Grindley you were released from paying Mr. Sotham commission on the first agreed payment, $21,583?
"A. No."

A verdict was directed for plaintiff for the amount of his claim with interest and judgment entered. Defendant brings error.

It is said that the agreement to pay commission is insufficient because of 3 Comp. Laws 1915, § 11981, subd. 5, and *Paul* v. *Graham*, 193 Mich. 447. This is fully answered by the opinion in *Badger* v. *Finlayson*, 219 Mich. 660.

The land contract as executed did not require one-third of the price to be paid down as originally contemplated. The total of deferred payments exceeded two-thirds of the contract price. But this was satisfactory to defendant. It was said in *Rice-Wray* v. *Palma*, 216 Mich. 324:

"By deferring the time, and himself fixing the

manner of payment, he could not defeat the plaintiff's present right to his commission."

Defendant insists that plaintiff did not perform the contract within the time limited. If plaintiff produced within the time a customer who was ready, able, and willing to purchase on defendant's terms, his commission was then earned. See *McOmber* v. *Campion,* 219 Mich. 604. It was not necessary that the deal between defendant and Grindley be completed before plaintiff had earned his commission. *Blakeslee* v. *Peabody,* 180 Mich. 408. Plaintiff's undertaking was not to consummate a sale (*Horton* v. *Immen,* 145 Mich. 438), but to find a purchaser. 9 C. J. p. 595.

The original agreement did not require a sale to be consummated within the 60 days but provided for an application for purchase at the price named, and of course the applicant should be a person able, ready and willing to purchase on defendant's terms. The effect of the amendments to the original agreement, in addition to modifying the terms of payment to be written into a contract, was to extend the time in which to make the application to purchase. This was the construction placed on the writings by the parties, including defendant, as he so testified. Grindley and wife made application to purchase within the time. They were ready, able and willing to purchase. They asked no extension of time. That they requested to be shown abstract and tax history is unimportant for defendant raised no objection to such request and treated their application as a compliance with the agreement. See 4 R. C. L. p. 313.

Other questions are discussed by counsel; but we find no reversible error.

Judgment affirmed.

FELLOWS, C. J., and WIEST, MCDONALD, BIRD, SHARPE, and STEERE, JJ., concurred. MOORE, J., did not sit.