HAAKON COUNTY, Respondent, v. STALEY, Appellant.

(243 N. W. 671.)

(File No. 7205.   Opinion filed July 8, 1932.)

*Danforth & Davenport,* of Sioux Falls, for Appellant.

*G. V. Welch,* State's Attorney, of Philip, for Respondent.

RUDOLPH, J. Haakon county brought this action to recover from appellant, first, on account of having furnished necessaries of life to the wife and minor children of the defendant for their own use and support, and, second, on account of having provided for the wife of the defendant by means of a mother's pension. The complaint sets forth two purported causes of action. The first cause of action alleges in substance that the defendant and his wife and their eight minor children have been for several years residents of Haakon county, S. D.; that on the 4th day of October, 1926, the defendant was sentenced to life imprisonment in the state penitentiary, and since that time he has been confined in that institution; that the wife and minor children of the defendant, since the time the defendant was confined in the penitentiary, have been without any means of support, and upon their application, it became necessary for the plaintiff county to furnish them with groceries, clothing, fuel, and other necessaries of life; that the defendant failed and refused to furnish his wife and children with articles necessary for their support. The reasonable value of the articles furnished is alleged, and judgment asked for that amount. The second cause of action is an attempt to recover money paid to the wife of the defendant "as a mother's pension for the purchase of groceries, clothing, fuel, and other necessaries of life." The defendant demurred to each cause of action upon the grounds that facts sufficient to constitute a cause of action were not stated. The separate demurrers were overruled, and defendant appeals.

The appellant contends: "That recovery is sought under the first cause of action under section 191"; that by this section the duty to support is limited by the phrase "to the extent of their ability," and because there is no allegation in the first cause of action that the defendant is able to support his family that the complaint is subject to demurrer. The respondent has filed no brief, but it is apparent to us that recovery here is not sought under the provisions of section 191, Rev. Code 1919. Under that section there is no duty imposed upon the husband to support his wife. The duty imposed under section 191 refers only to father, mother, and children.

█ Neither in our opinion does section 191 refer to the duty of the father to support his minor children. The duty of the husband and father to support his wife and minor children existed at common law. This state by statute has declared this common-law duty. Sections 169, 176, 183, and 192, Rev. Code 1919. By the common law, however, there was no duty upon the children to maintain their poor parents, nor upon the parents to maintain their poor adult children. We said in the case of McCook County v. Kammoss, 7 S. D. 558, 64 N. W. 1123, 31 L. R. A. 461, 58 Am. St. Rep. 854, that section 191 "innovates the common law." This section innovates the common law to the extent that thereunder it is the duty of the children to maintain their poor father and mother "to the extent of their ability," and the duty of the father and mother to maintain their poor adult children "to the extent of their ability." Since the sections of our Code above referred to, other than section 191, completely and adequately place upon the father and mother the common-law duty to support their minor children, and since section 191 has been declared to innovate the common law, we conclude that wherein that section places upon the father and mother the duty to maintain their poor children it refers only to their poor adult children. In the case of Sanborn County v. Lutter, 46 S. D. 363, 193 N. W. 55, this court indicated that section 191, wherein it placed upon the father and mother the duty to maintain their poor children referred to minor as well as adult children. But that case involved an adult child, and what was said with reference to minor children was dictum. Section 191 therefore is not a subject for our consideration in this case. As above pointed out, that section contains no reference to the duty of a husband to support his wife, nor to the duty of a father to support his minor children, and they are issues presented here.

██ The duty of the husband and father to support his wife and minor children is not limited by the provisions of our Code, as the duty imposed under section 191 is limited by the phrase "to the extent of their ability." Whether it would be necessary to allege the ability to support or maintain in an action brought under the provisions of section 191, we are not called upon now to decide, but in this action, wherein the obligation of the defendant to support his wife and minor children is not limited by our

Code, as the duty imposed under section 191 is limited, we are of the opinion that it is unnecessary to allege affirmatively the ability to support. Neither are we called upon to decide here whether the inability of the defendant to support his wife and minor children would constitute a defense to this action. This matter is here on demurrer to the complaint, and we are of the opinion that the first cause of action states facts sufficient upon which to predicate liability, without an affirmative allegation of the ability of the defendant to support his wife and minor children. The allegation that the defendant is in prison does not negative entirely his ability to maintain his family, for his ability in this respect is not dependent entirely upon earning capacity.

The support alleged to have been furnished by the first cause of action consisted of "necessaries." The husband's liability for necessaries is not changed by the fact that he is in the penitentiary. Ahern v. Easterby, 42 Conn. 546; Moran v. Montz, 175 Mo. App. 360, 162 S. W. 323.

The liability of a husband to pay for necessaries furnished his wife by a municipality, which the municipality was obliged to furnish under the poor laws, is well stated in the case of Sturbridge v. Franklin, 160 Mass. 149, 35 N. E. 669. We quote from the opinion: "This is an action at common law brought by a town, which has been obliged to pay for aid furnished to a woman as a pauper, against her husband, to recover from him the amount so paid. The liability of a husband, under such circumstances, depends upon the same facts as his liability for necessaries furnished by an individual for the support of his wife while she is living apart from him. If she is living away from him with his consent, or for a justifiable cause, he is chargeable with her support, whether necessaries are furnished her by an individual on her application, or by a city or town under the laws for relief of paupers."

There is an attempt in the second cause of action to recover from the defendant money paid to his wife as a mother's pension. The money furnished under the provisions of the mother's pension law (sections 10023 to 10030, Rev. Code 1919) is furnished because of what has been deemed to be a sound public policy. It has been determined by this law that the best interests

of the state are served if provision is made whereby the mother may remain at home and care for her children. North Dakota has a mother's pension law similar to our own law, and in speaking of the North Dakota law the court of that state, in the case of Cass County v. Nixon, 35 N. D. 601, 161 N. W. 204, 205, L. R. A. 1917C, 897, said: "[It] is founded upon sound, most progressive, and scientific principles of public policy. * * * The public policy of chapter 185 is the protection of the public health and the elimination of an environment which has a tendency to weaken the moral fiber of those of tender years, and thus superinduce crime."

Money is paid under the provision of the mother's pension law to foster and promote that which has been deemed in this state to be a sound public policy. This being true, we are of the opinion that any money paid under the provisions of the mother's pension law is not subject to being recovered in a civil action brought by the county against the husband and father. The demurrer to the second cause of action should have, therefore, been sustained.

The order appealed from is sustained, in so far as it overrules the demurrer to the first cause of action, and reversed in so far as it overrules the demurrer to the second cause of action. No costs are to be taxed.

CAMPBELL, P. J., and POLLEY and ROBERTS, JJ., concur.

WARREN, J., concurs in result.