[File No. 7195]

KATHLEEN ENGET, by father and Guardian Ad Litem, IVAR ENGET, Appellant v. QUENTIN NEFF, Respondent.

(43 NW2d 644)

Opinion filed July 14, 1950.

*Lanier & Lanier,* for appellant.

*Day, Lundberg, Stokes, Vaaler & Gillig,* for respondent.

MORRIS, J. This is an action for personal injuries received by the plaintiff in Grand Forks, North Dakota, on June 5, 1948, as a result of a collision between an automobile driven by the defendant and a bicycle ridden by the plaintiff. The case was tried to a jury and a verdict rendered in favor of the defendant. Judgment was entered thereon on order March 24, 1949. Thereafter the plaintiff moved for a new trial. The motion was denied on October 28, 1949. The plaintiff has appealed from the adverse judgment and from the order denying new trial.

At the close of the testimony plaintiff's counsel stated:

"The plaintiff moves the court that the court direct a verdict for the plaintiff, leaving nothing to the jury except the amount of damages, upon the ground and for the reason that the undisputed testimony of the defendant himself conclusively shows negligence upon his part in the operation of the automobile, and because, as a matter of law in the State of North Dakota, a seven year old child cannot be guilty of contributory negligence, leaving nothing for the jury to find except the amount of damages."

Upon appeal from the judgment the plaintiff specifies the denial of the foregoing motion as erroneous. He also specifies certain rulings of the trial court on the reception or rejection of evidence, the refusal of requested instructions and the mis--

instruction of the jury in certain specified particulars. All of the specifications of error on the appeal from the judgment present statutory grounds for a new trial under the provisions of Section 28–1902 RCND 1943.

In paragraph 1 of the Syllabus of Larsen v. Friis, 48 ND 507, 185 NW 363; this court laid down the rule that,

"Where there is a motion for a new trial, rulings of the trial court which constitute proper grounds for a new trial under the statute must be presented upon such motion; otherwise they will be deemed waived."

In O'Dell v. Hiney, 49 ND 160, 190 NW 744, paragraph 1 of the Syllabus, the rule was again stated as follows: "Where a party moves for a new trial, he must present all grounds which he claims entitled him to a new trial. In other words, he cannot present one ground in the trial court, and another ground in the appellate court."

In each of these cases appeals were taken from the judgment and from an order denying a new trial. The rule has been affirmed in Ruble v. Jacobson, 51 ND 671, 200 NW 688; Citizens State Bank v. Geisen, 51 ND 863, 200 NW 1007; Kaufman Jewelry Company v. Torgerson, 57 ND 321, 221 NW 881; State ex rel. Storm v. Hought, 59 ND 301, 229 NW 371; Zimbelman v. Lah, 61 ND 65, 237 NW 207; Isensee Motors v. Godfrey, 61 ND 435, 238 NW 550. In this case all of the errors specified upon appeal from the judgment, fall within the scope of Section 28–1902 RCND 1943 stating the grounds for a new trial. Under the rule of the foregoing authorities we give no further consideration to the appeal from the judgment, but pass to a consideration of the appeal from the order denying plaintiff's motion for a new trial. Any errors which would constitute grounds for a new trial are waived unless properly presented to the trial court on the plaintiff's motion, whether included in the specifications of error upon appeal from the judgment or not.

The only reference to the sufficiency of the evidence in plaintiff's motion for a new trial is: "That the evidence in said action is insufficient to justify the verdict and said verdict is against the law." This is a generality which does not disclose wherein and to what extent the plaintiff contends the evidence is insuffi-

cient. It violates a rule of statute and decision that: "A specification of insufficiency of the evidence to sustain the verdict or decision of the court shall point out wherein the evidence is insufficient." Section 28–1809 RCND 1943; Haslam v. Babcock, 71 ND 363, 1 NW2d 335; Schmidt v. Beiseker, 19 ND 35, 120 NW 1096.

The trial court filed no memorandum opinion. The order denying a new trial is silent with respect to the sufficiency of the evidence. On this point there is no action of the trial court before us for review. See Clausen v. Miller, 63 ND 778, 249 NW 791. The sufficiency of the evidence may not be reviewed on this record.

As grounds for a new trial the plaintiff specifies that the court erred in allowing ordinances of the city of Grand Forks to be submitted in evidence which ordinances were not pleaded, that the court erred in allowing the defendant to examine the parents of the plaintiff upon the care they exercised in controlling the safety of the plaintiff and instructing her as to street crossings and particularly while on bicycles, and as a final ground the plaintiff specifies, the denial of six requested instructions.

The plaintiff requested seven instructions the first of which was given and the others refused. Numbers two and seven, deal with the standard of care and conduct by which the acts of a child are to be judged with respect to his negligence. The seventh requested instruction reads as follows: "You are charged that the plaintiff at the time of this accident was of such a tender age that she cannot be guilty of contributory negligence."

The trial court gave the usual definitions of negligence and contributory negligence and then told the jury: "Negligence, as applied to a minor child, is the doing of that which an ordinarily prudent person of the age, intelligence, experience, and capacity of such child would not do under the same or similar circumstances, or the failure to do that which an ordinarily prudent person of the age, intelligence, experience, and capacity of said child would do under the same or similar circumstances."

At the time of the accident the plaintiff was seven years and eight months old. She had been riding a bicycle since she was

five and could ride girls' and boys' bicycles. She had been told by her parents that when she was going to cross a street she should get off the bicycle. At the time of the accident she was riding a borrowed bicycle that belonged to a girl twelve years old. She could not reach the pedals from the seat and had to stand up to pump the bicycle.

The accident occurred at the intersection of Conklin Avenue and Lewis Boulevard in the city of Grand Forks. The plaintiff was riding along the sidewalk in an easterly direction on the north side of Conklin Avenue and when she reached the sidewalk intersection on the west side of Lewis Boulevard, she turned sharply to the right and to the south onto the crosswalk intersecting Conklin Avenue. The defendant had been driving north on Lewis Boulevard and after signaling for a left turn, at the intersection, he turned to the left and to the west where his car collided with the bicycle on which the plaintiff was riding. The defendant had entered the intersection at a speed of from 10 to 14 miles an hour. His brakes were in good working condition and he stopped almost immediately after the accident. His car did not run over either the plaintiff or the bicycle, but the impact caused the plaintiff injuries for which she seeks recovery in this action.

The defendant, in his answer, denies negligence on his part and alleges that the plaintiff was guilty of contributory negligence. The plaintiff contends that as a matter of law a child of seven years eight months of age cannot be guilty of contributory negligence and that the court should have so instructed the jury in accordance with the plaintiff's requested instruction. This state is without precedent on this precise question. In Ruehl v. Lidgerwood Rural Telephone Company, 23 ND 6, LRA 1918C 1063, 135 NW 793, this court held that a child 3½ years of age cannot itself be charged with contributory negligence, but in Dubs v. Northern Pacific Railway Company, 42 ND 124, 171 NW 888, the court assumes without discussion that a boy nine years of age was under the facts, in that case, guilty of contributory negligence. From these two cases we draw the conclusion that between the two extremes of 3½ years and 9 years, a child reaches that period of responsibility at which he may be held

guilty of contributory negligence. There is no unanimity of decision among the courts as to whether a child between seven and eight years of age is incapable as a matter of law of being guilty of contributory negligence. An extensive list of cases on both sides of the question is found in these annotations: LRA 1917F 63; 107 ALR 121; 174 ALR 1128. From this conflict of authority we draw the conclusion that no hard and fast rule can be based upon age such as that of the child herein involved which will determine the presence or absence of capacity and responsibility for contributory negligence.

"A definite age limit, arbitrarily fixed for application in all cases, would have only its definiteness to commend it." Shearman and Redfield on Negligence Revised Edition Section 94.

"A child's age does not alone determine its capacity to care for itself and to avoid dangers which may threaten. The law does not disregard variations in capacity among children of the same age, and does not arbitrarily fix an age at which the duties to exercise some care begins or an age at which an infant must exercise the same care as an adult." Camardo v. New York State Railways, 159 NE 879, 247 NY 111.

Minnesota has held that a child under seven years of age may be guilty of contributory negligence. Eckhardt v. Hanson, 196 Minn 270, 264 NW 776, 107 ALR 1; Harkness v. Zube, 182 Minn 594, 235 NW 281. In Squillace v. Village of Iron Mountain, 223 Minn 8, 26 NW2d 197, the Minnesota Supreme Court approved the instruction of the trial court respecting the contributory negligence of a six year old plaintiff which stated: "On the question of the negligence of the boy, John Squillace, you must take into consideration his age and capacity. Young people are not held to the same degree of care for their own safety as an adult person, but a child of six years of age is required to use some care for his own safety but is only held to the degree of care that is commonly used by children of like age and capacity."

In Wisconsin children of six years of age have been held not incapable as a matter of law of committing negligent acts that were properly found by juries to render them guilty of contributory negligence. Van Lydegraf et al. v. Scholtz et al. 240 Wis

599, 4 NW2d 121; DeGroot v. Van Akkeren, 225 Wis 105, 273 NW 725; Schmidt v. Riess, 186 Wis 574, 203 NW 362. A like conclusion was reached in Sorrentino v. McNeill (Tex Civ App) 122 SW2d 723.

We reach the conclusion that the trial court did not err in denying the plaintiff's request to instruct the jury that the plaintiff could not be guilty of contributory negligence.

Plaintiff's requested instruction number two is covered in substance by the trial court's definition of negligence as applied to a minor child which we have quoted above. Prejudicial error did not result from the refusal of the trial court to give the instruction requested. The remaining requests are either not applicable to the facts of the case or present points adequately covered by the instructions given.

The defendant pleaded contributory negligence on the part of the plaintiff in general terms. In connection with his proof under this allegation the defendant offered and the court received in evidence over plaintiff's objection, an ordinance of the city of Grand Forks which provided: "A person propelling a bicycle or motorcycle shall not ride other than upon the permanent and regular seat attached thereto, nor carry any other person upon such bicycle or motorcycle other than upon a firmly attached and regular seat thereon, nor shall any person ride upon a bicycle or a motorcycle other than above authorized."

The defendant argues that the state courts of North Dakota do not take judicial notice of municipal ordinances and that consequently, an ordinance may not be admitted in evidence unless pleaded.

The rule for which the plaintiff contends is applicable when the violation of a municipal ordinance is relied upon as the basis for the action, but it does not apply where the action is not founded upon the ordinance, but in the course of the trial the ordinance becomes material as evidence under a general allegation. In that case it may be proved like any other fact or circumstance of evidentiary value. In the Cyclopedia of Automobile Law and Practice, Blashfield Permanent Edition, Section 5953, it is said:

"If the observance of an ordinance is a condition precedent

to a right of action, or if the action is based upon an ordinance, it must be alleged as well as proved. If, however, the action is based generally on negligence, the acts complained of constituting a violation of the ordinance, the ordinance, and breach thereof may be received in evidence, not as conclusive proof of the negligence charged, but as some evidence which the jury may consider. This is the general rule. It is on the theory that, since the plaintiff's cause of action is not founded on the ordinance, it is unnecessary to plead it, but the ordinance is relevant and material as evidence, if it has a bearing on the issues made by the specifications of negligence set up in the complaint or petition."

The defendant under its answer alleging contributory negligence was entitled to prove the ordinance of the city of Grand Forks and its violation by the plaintiff, as tending to show negligent conduct on the plaintiff's part although no reference to the ordinance is made in the answer. 38 Am Jur Negligence Section 331; Harmen v. Sladofsky, 301 Mass 534, 17 NE2d 879; Wright v. Carlson, 312 Mass 584, 45 NE2d 840; Carter v. Zdan, 151 Neb 185, 36 NW2d 781; and see Hanna v. Stoll, 112 O St 344, 147 NE 339.

The specification: "That the court erred in allowing the defendant to examine the parents of plaintiff upon the care they exercised in controlling the safety of the plaintiff and instructing her as to street crossings, and particularly while on bicycles"; is not in proper form. It is not stated with sufficient particularity. An assignment of error based upon the erroneous admission of evidence must be directed to some specific ruling of the trial court and must challenge the correctness of that ruling. Willoughby v. Smith, 26 ND 209, 144 NW 79. Our reading of the record has disclosed no ruling that comes within the general terms of this specification, and none is pointed out in the brief. We must therefore conclude that the specification is without merit.

Upon a review of the points urged by the plaintiff in support of her motion for a new trial we reach the conclusion that they

disclosed no prejudicial error. The order and judgment appealed from are affirmed.

NUESSLE, C. J., CHRISTIANSON, GRIMSON and BURKE, JJ., concur.