DOYEN, Respondent v. LAMB, Appellant

(59 N. W.2d 550)

(File No. 9330. Opinion filed June 25, 1953)

78

**Sherwood & Sherwood, Clark, Austin & Hinderaker,** Watertown, for Defendant and Appellant.

**Harry Eggen,** DeSmet, **Woods, Fuller, Shultz & Smith** and **John B. Shultz,** Sioux Falls, for Plaintiff and Respondent.

RUDOLPH, J.   Following our decision in Doyen v. Lamb, 74 S.D. 126, 49 N.W.2d 382, the trial court entered judgment for the plaintiff upon the verdict of the jury.   The defendant has appealed.

The facts are set forth in our prior opinion.   Defendant contends that the trial court erred in submitting the case to the jury.

The first alleged error relates to an instruction on the contributory negligence of the child, David Doyen, who was of the age of 5 years, 10 months. The trial court instructed the jury that a child under 6 years of age cannot be charged with contributory negligence.

This court has on two occasions considered the contributory negligence of children. In the case of Cameron v. Miller, 43 S.D. 429, 180 N.W. 71, the age of the child involved was 12 years. In the recent case of Stone v. Hinsvark, 74 S.D. 625, 57 N.W.2d 669, the age of the child was 5 years, 1 month. In each of these cases we approved a submission to the jury of the question of the contributory negligence of the child under an instruction stating in substance that the degree of care required of a child is such care as an ordinarily prudent child of similar age, maturity, experience and capacity would ordinarily use under like circumstances.

We appreciate that courts disagree on the age when a child has the capacity to understand and appreciate danger. Annotations 107 A.L.R. 107, 174 A.L.R. 1123; Shearman and Redfield on Negligence, § 94. But generally this question of capacity must go to the jury. It is only where there is a conclusive presumption of incapacity, or where under the evidence reasonable men must draw the same conclusion that the question is for the court. Cameron v. Miller, supra.

As stated in many cases a definite age limit, arbitrarily fixed for all cases, has only its definiteness to commend it. Such rule must lead to the absurd conclusion that one day's difference in age determinees whether a child is capable of negligence or not. And in this case we believe it approaches absurdity to hold that there is a conclusive presumption the boy was without capacity on the day of the accident, but, had the accident happened two months later there would be no such presumption. We are in accord with the statement of the Minnesota court in the case of Eckhardt v. Hanson, 196 Minn. 270, 264 N.W. 776, 778, 107 A.L.R. 1, as follows:

> "Under a proper instruction the Massachusetts rule is the more sound and the one most likely to insure just result. It does not cast upon the general public any and all risks that may be created by

the carelessness of a child. Still it does not go so far as to hold a child to a degree of care not commensurate with its age and experience. Under present day circumstances a child of six is permitted to assume many responsibilities. There is much opportunity for him to observe and thus become cognizant of the necessity for exercising some degree of care. Compulsory school attendance, the radio, the movies, and traffic conditions all tend to have this effect. Under the Illinois rule a child may be guilty of the most flagrant violation of duty and still not be precluded from recovering damages for injuries suffered partly because of such violation. The Massachusetts rule contemplates justice for all parties irrespective of age. Jurors, by virtue of their office, are competent to judge whether or not a child has exercised a degree of care commensurate with its age, capacity, and understanding. The Illinois rule has no basis in sound reason or logic. It is based upon an outworn historical rule of criminal law which refused to acknowledge any capacity on the part of any child under seven years of age to distinguish between right and wrong."

See also Thomsen v. Reibel, 212 Minn. 83, 2 N.W.2d 567; Audette v. Lindahl, 231 Minn. 239, 42 N.W.2d 717; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644. Shearman and Redfield on Negligence, § 94, in part states:

"The proper rule would seem to follow that each particular case must be separately considered, with no undue regard for the ruling made with relation to a certain age in some other case. 'Determination of the degree of care which may be expected of children is based upon factors which the jury can weigh in the light of their experience at least as well as judges. It does not require any special training or learning, which judges are supposed to possess in higher degree. Except in cases where the judge can safely decide that reasonable jurors would arrive at the same determination, the question of a

child's capacity to take care of itself should be left to the determination of the jury."

■ We are of the opinion, as stated in Cameron v. Miller, supra [43 S.D. 429, 180 N.W. 73], that "Each case must be determined upon its own facts." In this case the child was only two months under the age which the trial court held would destory any presumption. The child was a normal, healthy, intelligent child. He had been instructed about the danger of getting into the street when in town and his mother testified that he understood and "appreciated" such instructions. We believe the question of the child's capacity should have been submitted to the jury.

There is evidence in the record that the festivities of the day were at an end and that there was traffic on the street. Plaintiff's principal witness had gathered his family in his car and had driven on the street to the grocery store where he was "double parked" at the time of the accident. At least one other witness was driving a car on the street. Defendant testified that he did not run over the boy but that the boy dashed out between two parked cars and struck the car. We are, therefore, of the opinion that should it be determined that this child had the capacity to be negligent, the further question of whether on ordinarily prudent child of this child's age, maturity, experience and capacity would ordinarily act as this child did under all the circumstances was a question for the jury.

■ At the trial evidence was presented concerning medical and hospital expense. These expenses had all been paid by the father of the boy, who is the guardian prosecuting this action on behalf of his son. At the time of the trial the father had an action pending against the defendant seeking to recover for himself the medical and hospital expenses. Defendant objected to the trial court's rulings and instructions permitting the jury to include in the damages in this case this hospital and medical expense. Defendant also requested an instruction relating to contributory negligence on behalf of the father. In as much as the court permitted recovery in this action of hospital and medical expenses, defendant has assigned as error the failure of the court to instruct

the jury that the contributory negligence of the father, if any, would bar a recovery of these expenses. We are of the view that defendant's exceptions to the instructions, his request for instructions, and the fact that he pleaded the contributory negligence of the father as a defense is a sufficient basis for this assignment of error. In other words, if it is the law that the contributory negligence of the father constitutes a defense against recovery of these expenses, the record was such that it required the submission of this defense to the jury.

■ ■ When a child is injured by another's negligence two causes of action arise; one in favor of the child for the injury as such, the other in favor of the parent generally for the loss of services during minority, and the expenses caused by the injury. 39 Am.Jur., Parent and Child, § 74. Numerous cases support the statement in the Annotation 37 A.L.R. 29, that "the courts all agree that if the parties are in the usual situation with respect to recovery (an injured child living with, supported by and rendering services or earnings * * * to its parents * * * the parents being legally entitled to its custody and services, and (primarily at least) legally accountable for its support and maintenance, including expenses reasonably and necessarily incurred in curing its injuries or attempting to effect their cure, and the parent having in no way lost his right of recovery of the items of damages accruing to him upon his child being injured) the parent, and not the child, may recover the damages" for professional services of physicians and nurses, medicine, hospital etc. Such, we believe, is and should be the rule in this state. SDC 14.0310 makes the parent primarily responsible for the support of a child. Haakon County v. Staley, 60 S.D. 87, 243 N.W. 671; Matthews v. Matthews, 71 S.D. 115, 22 N.W.2d 27. Being so responsible an injury to a child requiring medical and hospital services places the primary responsibility upon the parent to pay for such services, and hence creates in him the cause of action for the recovery of the amount paid.

■ ■ However, in this case recovery by the child was permitted, and the only issue here is whether the alleged contributory negligence of the father should have been considered by the jury as a defense thereto. We believe it

should. The justification, if any, for permitting these expenses to be recovered in an action brought by the child apparently had its inception in the case of Abeles v. Bransfield, 19 Kan. 16. In that case the court assumed that the parent bringing the action on behalf of the child was entitled to its services and responsible for its support and medical expenses, and held that by recovering in the action the medical expense "it must now be conclusively presumed that she relinquished and gave to her son all claim that she might have had for * * * such expenses." The court further said, "Whether she had the power to so give the same to her son, so that he might recover for the same in his own name, is the most difficult question in the case." The court concluded that the parent should have such power because it would avoid a multiplicity of suits. The court said, "A parent ought to have such power. By allowing the child to recover for loss of time and expenses, it avoids the necessity for two suits. If no such power exists, then the parent must sue for the loss of time and expenses, and the child must sue for the injury, the pain, suffering, etc. This would require two suits where one ought to be sufficient. The law ought to be such that both actions might be united into one. It would save a great deal of trouble and .expense." See also Baker v. Flint & Pere Marquette R. Co., 91 Mich. 298, 51 N.W. 897, 16 L.R.A. 154. If such be the basis for the holding that medical expenses can be recovered in an action brought by a child through a parent, and we believe it is, then surely the defendant should not be deprived of a defense simply because the parent gave to the child a claim which the parent was primarily obligated to pay and which he had paid, and against which if he brought suit in his own behalf the defense would be available to defendant. As stated above it is the parent who is primarily responsible for paying these expenses, and in this case the father had met that responsibility in full. It was his obligation and he paid it. If he seeks to recover the amount paid, and thus place the responsibility for these expenses upon some one else, he does and should subject himself to any defense available to the person from whom he seeks to recover. We do not believe it would serve the interests of justice or fair play to hold that simply by

giving his claim to the child and seeking recovery thereon in an action in which he represents the child he could thereby defeat a defense against the claim. McManus v. Arnold Taxi Corp., 82 Cal. App. 215, 255 P. 755.

We believe the facts warrant the submission to the jury of the question of the contributory negligence of the father in so far as medical and hospital expenses are concerned.

Other assigned error, if error, we are convinced was without prejudice to appellant.

The judgment appealed from is reversed.

All the Judges concur.