SABERS, Justice
(dissenting).
[¶ 32.] I dissent solely on the issue whether there are genuine issues of material fact in relation to the negligence of Lyuba Silchuk.
[¶ 33.] The negligence of Lyuba must be viewed directly and not in comparison to that of D.A.’s mother or father. It is obvious that D.A.’s mother and father were negligent in permitting D.A., an aggressive three-year-old boy, to play by himself for an extended period of time on a separate floor of the house, especially knowing that he liked to turn on water faucets to the point of flooding on a prior occasion.
[¶ 34.] Lyuba was not aware of D.A.’s propensity to turn on faucets because D.A.’s mother did not tell her until later at the hospital. However, Lyuba was aware that D.A. was playing by himself on a separate floor of the house for an extended *860 period of time. She knew he was an aggressive three-year-old boy because he had done some damage in her house and she had warned his mother that she would be responsible for any further damage. Lyu-ba was also aware that D.A.’s mother ignored her warning and left D.A. to play by himself on a separate floor. To an aggressive three-year-old boy, everything is an attractive nuisance, especially if he is left alone on a separate floor for an extended period of time.
[¶ 35.] All of these facts present genuine issues of material fact as to whether Lyuba was directly negligent to D.A. That Lyuba would be entitled to contribution from D.A.’s mother and father is immaterial to this lawsuit. That may be the subject of another lawsuit. In addition, the relationship between Lyuba and D.A. was such that the law will impose upon her a legal obligation of reasonable conduct for the benefit of D.A. See Casillas v. Schubauer, 2006 SD 42, 714 N.W.2d 84 (defendant could have reasonably anticipated his bull would stray onto the highway). Here, D.A., a three-year-old, is unlikely to be negligent in the eyes of the law, see Doyen v. Lamb, 75 S.D. 77, 79, 59 N.W.2d 550, 551 (1953), and is entitled to have a jury determine whether these genuine issues of material fact give rise to liability for negligence on the part of Lyuba.
[¶ 36.] The question here is not whether a homeowner is liable to a three-year-old boy when the negligence of the boy’s mother is greater than that of the homeowner. The question here is whether a homeowner is liable to a three-year-old boy when her negligence may have contributed to the boy’s injuries. Specifically, under Casillas and these circumstances, the question is whether Lyuba’s conduct was reasonable in relation to D.A. Therefore, summary judgment was premature and improperly granted under these circumstances. This case should be reversed and remanded for trial on this issue.