## ELIZA WILLOUGHBY v. E. DELAFIELD SMITH.

---

## WILSON WILLOUGHBY v. E. DELAFIELD SMITH.

---

## DAN WILLOUGHBY v. E. DELAFIELD SMITH.

---

## DAN AND WILSON WILLOUGHBY v. E. DELAFIELD SMITH.

(144 N. W. 79.)

**Claim and delivery — four distinct actions — different plaintiffs — different issues — cannot be consolidated — trial court — supreme court.**

1. Four distinct actions in claim and delivery brought by different parties and involving different issues, although against the same defendant, cannot properly be consolidated, under the provisions of § 7345, Rev. Codes 1905, either for the purposes of trial in the district court, or for the purposes of an appeal to this court, even though they involve similar questions of law and fact.

26 N. D.—14.

Consolidated by consent — order of trial court with consent — objections waived — prejudice must appear.

2. Where such consolidation is ordered, however, by the express or implied consent of counsel, they will not be heard to urge an objection thereto; nor will they be heard, on an appeal to the supreme court, to urge any objection on such ground, where no prejudice is shown to the party thus objecting.

Errors — assignments of — admission or rejection of evidence — prejudicial error must appear.

3. Assignments of error based upon rulings in the admission and exclusion of testimony will not be sustained, where from the whole record it is manifest that no prejudicial error was committed.

Evidence — admission — exclusion — prejudice.

4. Numerous rulings in the admission and exclusion of testimony, examined and *held* nonprejudicial.

Ruling of court — assignment of error — must be specific.

5. An assignment of error must, in order to be of any avail, challenge some specific ruling of the trial court. An alleged assignment that the evidence is insufficient, or that the verdict is contrary to law and was the result of prejudice and bias on the part of the jury, or that the entire record shows that the defendant did not get a fair trial, is not a proper assignment, and will be ignored.

Error — assignment — not supported in brief or argument — abandoned.

6. Assignments of error not supported in appellant's brief and argument are deemed abandoned.

Instructions — request — general instructions.

7. The refusal to give certain requested instructions when the same are substantially covered by the general instructions given, *held*, nonprejudicial.

Instructions — exceptions — entirety.

8. The instructions given, when considered in their entirety, are *held* to be correct and certain exceptions thereto are overruled as untenable.

On Rehearing.

Rehearing — cross-examination — prejudicial restriction.

9. Upon rehearing, *held*, that certain rulings were prejudicial in that they unduly restricted defendant's right of cross-examination.

Transfer of property — between near relatives — evidence — good faith — proof — clear and convincing — instructions — prejudice.

10. Where, as in the case at bar, transfers are claimed to have taken place between near relatives, it is prejudicial error to refuse a requested instruction to the effect that clearer and more convincing proof is required of the good faith and the bona fides of the transaction than where such transfers were between strangers:

Opinion filed June 5, 1913.  Rehearing denied November 19, 1913.

Appeals from the District Court, Eddy County; *J. A. Coffey, J.*

Judgments were entered in four separate actions, and orders denying new trials were entered in each action. From such judgments and orders defendant appeals.

Affirmed.

*T. F. McCue,* for appellant.

It was for the jury to determine under the evidence, who was the owner of the property; and witnesses should not have been allowed to usurp this prerogative by stating mere conclusions. American Soda Fountain Co. v. Hogue, 17 N. D. 375, 17 L.R.A.(N.S.) 1113, 116 N. W. 339.

By reason of the rulings of the court permitting witnesses to testify to conclusions and mere opinions, the defendant was not accorded a fair trial. Kjolseth v. Kjolseth, 27 S. D. 80, 129 N. W. 752; J. F. Anderson Lumber Co. v. Spears, 25 S. D. 624, 127 N. W. 643; Olson v. O'Connor, 9 N. D. 504, 81 Am. St. Rep. 595, 84 N. W. 359; Tetrault v. O'Connor, 8 N. D. 15, 76 N. W. 225; Mead v. Hogue, 49 Iowa, 703.

One who qualifies as an expert witness has the right to testify whether a writing is in the same ink, or written with the same pen. Farmers' & M. Bank v. Young, 36 Iowa, 44; Vinton v. Peck, 14 Mich. 287; Fulton v. Hood, 34 Pa. 365, 75 Am. Dec. 664; Ellingwood v. Bragg, 52 N. H. 488.

The wife's claim to the mares is entirely a pretense to avoid defendant's claim, and is fraudulent on its face. Irish v. Bradford, 64 Iowa, 303, 20 N. W. 447.

The verdict is contrary to the law and to the evidence; and where a verdict is manifestly against the justice of the case, it is the duty of the trial court to at once set it aside. Smith v. Williams, 23 Iowa, 28.

Where it is clear that injustice will result if judgment is rendered, the trial court should grant a new trial; and where such condition is shown, a new trial will be granted by the supreme court. Jourdan v. Reed, 1 Iowa, 135; Fawcett v. Woods, 5 Iowa, 400; Byington v. Woodward, 9 Iowa, 360.

The instructions requested by defendant as to the family relations, and the claims of the wife and minor sons to the property, presented

the questions of pretense and fraud, and were highly proper and should have been given. Irish v. Bradford, 64 Iowa, 303, 20 N. W. 447; Brummond v. Krause, 8 N. D. 573, 80 N. W. 686; Byrne & H. Dry Goods Co. v. Willis-Dunn Co. 23 S. D. 221, 29 L.R.A.(N.S.) 589, 121 N. W. 620; Meighen v. Chandler, 20 N. D. 239, 126 N. W. 992; Williams v. Harris, 4 S. D. 22, 46 Am. St. Rep. 753, 54 N. W. 926; Hoxie v. Price, 31 Wis. 86.

Foreign and collateral issues were injected into the case to the great injury and prejudice of the defendant, by the manner in which witnesses were permitted, over objection, to give their testimony, and the incompetent nature of such testimony. Wigmore, Ev. §§ 42–45, 443; Koehler v. Wilson, 40 Iowa, 183.

Testimony by witnesses as to mere conclusions on points involving the merits of the case is not permissible, and allowing the same, over objection, is reversible error. Hollenbeck v. Marshalltown, 62 Iowa, 21, 17 N. W. 155; Jackson v. Boyles, 64 Iowa, 428, 20 N. W. 746; Richards v. Derrick, 17 N. Y. S. R. 963, 2 N. Y. Supp. 31; Smith v. Cohn, 170 Pa. 132, 32 Atl. 565; Conner v. Stanley, 67 Cal. 315, 7 Pac. 723; Ward v. Dickson, 96 Iowa, 708, 65 N. W. 997; Doty v. Stanton, 18 N. Y. S. R. 427, 2 N. Y. Supp. 417; Combs v. Agricultural Ditch Co. 17 Colo. 146, 31 Am. St. Rep. 275, 28 Pac. 966.

The dealings between Willoughby and wife and sons, and the evidence, clearly show their claims to be sham and fraudulent. Western & A. R. Co. v. Evans, 96 Ga. 481, 23 S. E. 494; Bowen v. Bull, 35 N. Y. S. R. 480, 12 N. Y. Supp. 325; Finn v. Duffy, 15 Misc. 126, 36 N. Y. Supp. 490.

The transactions among these relatives furnish a badge of fraud. In all such cases, such acts and dealings are viewed by courts with suspicion, and where a relative is in failing circumstances, stronger and clearer proof is required to overcome such suspicion, or to establish a case, and to show good faith. Rev. Codes 1905, § 6638; Moore v. Gainer, 53 W. Va. 403, 44 S. E. 458; Lusk v. Riggs, 65 Neb. 258, 91 N. W. 243; Bank of Colfax v. Richardson, 34 Or. 518, 75 Am. St. Rep. 664, 54 Pac. 359; Crary Bros. v. Hoffman, 115 Iowa, 332, 88 N. W. 833; Gable v. Columbus Cigar Co. 140 Ind. 563, 38 N. E. 474.

The father is entitled to the earnings of his minor son unless the son has been emancipated, and such earnings are liable for the father's

debts. The instructions ignored the law in this respect. Donegan v. Davis, 66 Ala. 362; Bullett v. Worthington, 3 Md. Ch. 99; Bell v. Hallenback, Wright (Ohio) 751; Schuster v. L. Bauman Jewelry Co. 79 Tex. 179, 23 Am. St. Rep. 327, 15 S. W. 259; Rev. Codes 1905, § 4092.

Instructions should not emphasize any particular piece of evidence. People v. Clarke, 105 Mich. 169, 62 N. W. 1117.

*W. O. Louden,* and *Knauf & Knauf,* for respondents.

The appeal should be dismissed. There are four separate and distinct cases which could not be consolidated for trial, and there is no law permitting consolidation of statements of the case, assignments of error, and appeals. Rev. Codes 1905, § 7335; Western Assur. Co. v. Way, 98 Ga. 746, 27 S. E. 167; Dickey v. State, 101 Ga. 572, 28 S. E. 980; Hicks v. Walker, 105 Ga. 480, 30 S. E. 383; Haralson County v. Pittman, 105 Ga. 513, 31 S. E. 183; Walker v. Conn, 112 Ga. 314, 37 S. E. 403; Williams v. Turner Twp. 15 S. D. 182, 87 N. W. 968; Davison County v. Chicago, M. & St. P. R. Co. 26 S. D. 57, 127 N. W. 728; Wallace v. Eldredge, 27 Cal. 498.

Where a witness who has qualified, testifies as to the ownership of personal property, his testimony is not merely to a conclusion. DeWolf v. Williams, 69 N. Y. 621; Sweet v. Tuttle, 14 N. Y. 465; Knapp v. Smith, 27 N. Y. 277.

Fisk, J. The record in this case is somewhat anomalous, as it brings before us for review the proceedings in four separate and distinct lawsuits, the appellant having appealed from four separate judgments, and from four separate orders denying motions for a new trial. Briefly stated the facts are as follows:

In May, 1908, the appellant in these appeals commenced an action against one Ellis Willoughby to recover the possession of certain horses, cattle, and farm machinery, for the purpose of foreclosing certain alleged mortgages thereon, executed and delivered by said Willoughby to appellant. Thereafter each of the four plaintiffs and respondents on these appeals, claiming to own certain portions of said personal property, commenced an action against the appellant herein to recover the possession of the specific portions thereof claimed to be owned by each of such plaintiffs. Issues were joined in each of such actions, and

when called for trial in the district court the trial judge made the following order: "It appearing to the court, from the statements of counsel and from the pleadings in the case, that the issues involved in the four cases of Eliza Willoughby v. E. Delafield Smith, Wilson Willoughby v. E. Delafield Smith, Dan Willoughby v. E. Delafield Smith, and Dan and Wilson Willoughby v. E. Delafield Smith are the same, it is hereby ordered that the said four causes be consolidated, and that the issues of fact in the same be tried and submitted to the same jury." None of the parties made any objection to such order, and the four actions were thereafter tried and submitted together, resulting in four verdicts and four judgments against this appellant and in favor of each of such plaintiffs. Motion for a new trial was submitted and overruled in each case, and appeals have been taken from each of such judgments and orders. But one statement of the case was settled, which statement is certified to as containing all of the evidence introduced and proceedings had upon the trial of said actions. Appellant has filed in this court but one abstract, which embraces the pleadings in all four actions, such statement of the case, and proceedings had subsequent to the verdicts.

We are first confronted with a question of practice. Respondents' counsel moves in this court to dismiss the appeals for the reason that a separate statement of the case was not settled in each action, and for the further reason that no abstracts and briefs have been filed on each separate appeal, their point being that no consolidation of the four actions has been ordered, or can be legally ordered, for the purposes of the appeals.

It is entirely clear that the attempted consolidation of the four actions was a gross irregularity, and the order of the district court in attempting to consolidate said actions, as well as the attempted consolidation thereof in this court for the purposes of the appeals, constitutes a gross irregularity, as is apparent from a reading of § 7345, Rev. Codes 1905: "When two or more actions are pending at one time between the *same parties* and in the same court *upon causes of action which might have been joined,* the court may order the actions to be consolidated." These four actions were not "between the same parties," nor could the causes of action have been properly joined. It is true this appellant was defendant in each of such actions, but the plaintiffs were different,

and the subject-matter of the suits related to different property.   However, as no objection was interposed to such attempted consolidation, the parties, by their silence, are deemed to have consented thereto, and, having thus consented to the trial of all four actions together, they will not be heard to complain of the procedure pursued thereafter in settling one statement of the case for all the actions and prosecuting the appeals together, especially where, as in this case, no possible prejudice is claimed or can result to the respondents.   Considerable of the testimony is relevant and material to each of the causes of action, and to require the appellant to settle a separate statement of the case in each of such actions, and to file separate abstracts and briefs in each of the four cases, would entail a large expense without any corresponding benefits to the several respondents.   While the regular practice, if pursued, would have lightened the burdens of this court to some extent, we are unable to see how respondents are prejudiced in the least by the mode pursued, nor do we think they are in any position to complain. The motions to dismiss are therefore denied.

Appellant has assigned no less than fifty-seven alleged errors which he contends were prejudicial to his rights.   Most of these assignments relate to rulings on the admission and exclusion of testimony.   Seven of them relate to the court's refusal to give certain requested instructions, and the last one relates to certain portions of the instructions given by the court to the jury.   We will notice these assignments in the order presented in appellant's brief.

Before discussing the assignments, appellant's counsel call our attention to the fact that Ellis Willoughby, whom appellant contends was the owner of all this personal property, and who mortgaged the same to him, is the father of the two plaintiffs, Wilson and Daniel Willoughby, and the husband of the plaintiff, Eliza Willoughby, and that Wilson and Daniel at the time of the trial had not reached the age of majority. At the trial the father and his said sons claimed that the latter had worked for the former for wages, commencing when they were but nine years of age, and counsel for appellant emphasizes the fact that while the boys lived with their parents as one family, no separate accounts were kept, and there was nothing to show to the outside world that these boys were claiming to be the owners of any of this property until after the father became involved, and until after appellant sought

to enforce payment of obligations claimed to be owing by Ellis Willoughby to him.

The foregoing facts, while very material for consideration by the jury in deciding the issues of fact, tending more or less to cast suspicion upon the claims of respondents as to their ownership of the property, are of no particular importance in this court in passing upon the various legal questions involved. There being a substantial conflict in the evidence, the findings of the jury will not be disturbed unless the record discloses that there was prejudicial error committed by the trial court.

Under the first assignment of error, appellant specifies four rulings claimed to be prejudicial.

Wilson Willoughby was a witness for his mother in her case, and testified to the fact of her ownership of two mares and certain colts, describing them. Among other things, he testified, without objection, that he understood they were bought from Bakken, whereupon he was asked, "Do you know in whose name?" (meaning in whose name they were purchased.) His answer was, "I understood they were my mother's; they were always called so." Appellant's counsel then moved to exclude such answer as not responsive and being a mere opinion, which motion was overruled, and this is the first ruling complained of in assignment of error number 1. While such ruling was technically incorrect, we do not consider it prejudicial when considered in the light of the prior testimony of such witness, to which no objection was offered.

This witness, in his case against appellant, testified to his ownership of certain portions of the personalty, and on cross-examination stated that he supposed all this property was assessed in his father's name; that "the first personal property tax I had assessed in my name was in 1908. I know it was. To the best of my recollection it is true. I believe my father paid the taxes." And on redirect examination he was asked if the assessor ever came and asked him for a list of his property prior to 1907, to which the following objection was made: "Objected to as immaterial and irrelevant; the law requires that the owners of property must list their property for taxes." Such objection was overruled, and the witness answered in the negative. We discover no error in such ruling. While the testimony thus elicited was not very

material one way or the other, we do not see how it could have prejudiced appellant. Such witness had testified, just previously, to the fact that he repaid his father for any such taxes paid for him.

Nor do we discover any error in permitting such witness to testify that he did certain chores in lieu of paying board to his parents. Such testimony was prompted by certain testimony brought out on the cross-examination of such witness. We see no merit in the appellant's objection. Nor do we perceive any merit to appellant's contention that this witness was improperly permitted to testify as to an existing agreement between himself and his father, relative to wages. He testified that his father said he would give him $25 per month. The question to which this was an answer did not call for a conclusion, but for the fact as to whether any agreement was entered into with reference to wages.

The other specifications of error under assignment number 1 are frivolous and wholly without merit. This is also true as to the 2d assignment. The father, as a witness for his son, Wilson, was asked, "Do you know to whom that property belonged that he described here?" to which he answered, "Yes, sir, I know," and thereafter he was asked to state to whom it belonged, and he answered, "It belonged to Wilson Willoughby, my son." The objection to this testimony was clearly untenable.

The rulings complained of under assignments numbered 3 and 4 are similar to those preceding, and we need not notice them further than to state that we perceive no error in such rulings.

Assignment number 5 is predicated upon a ruling denying defendant's motion to exclude an answer made by Ellis Willoughby to the following question propounded to him on redirect examination: "Q. Counsel on cross-examination asked you about the amount that you were worth, and if you were not at that time execution proof, and you stated that you would be able to pay your debts if you could get your own. Now, by that what did you mean? A. I mean if I can get pay for the property that Smith stole from me." Before the ruling was made the witness stated, "I didn't owe him a dollar; I paid him up every cent I owed him in February," whereupon the court denied the motion. The prejudice resulting from such answer and ruling is more imaginary than real. The jury could not have been impressed thereby with the

literal truth of such statement, as there was no claim that Smith had actually committed a larceny of such witness's property. The idea that the witness evidently intended to convey by such answer was that Smith had gotten some of the witness's property to which he was not legally entitled, and this no doubt is the way the jury construed it. Conceding that the trial court should have granted such motion, we do not think the denial thereof was of such a prejudicial character as to constitute reversible error.

Assignments numbered 6, 7, and 8 are not argued in the brief, and are therefore deemed abandoned, and need not be noticed.

The appellant, Smith, on his direct examination, testified, among other things, "that neither Dan nor Wilson Willoughby ever pointed out or claimed any of these animals they are now claiming in this suit belonging to them," and in rebuttal respondent, Dan Willoughby, was asked the question: "Q. I will ask you if during the spring of 1908, when he was attempting to seize some horses belonging to your father, you pointed out to him the horses which belonged to you?" This was objected to as incompetent, immaterial, irrelevant, and an attempt to introduce evidence that is self-serving. Such objection was overruled, and the witness answered, "Yes, sir." This ruling is complained of under assignment number 9. We perceive no merit in appellant's contention. Such testimony was clearly proper as rebuttal. Frivolous objections, such as this, do not deserve serious consideration. The rulings complained of under assignment number 10, when considered in the light of all the testimony of the witness Ellis Willoughby in his rebuttal testimony, are, we think, not subject to the criticism made by appellant's counsel.

Under the 12th assignment it is contended that the court erred in receiving in evidence exhibit "A-7." This exhibit consists of a memorandum containing certain words and figures which the witness Ellis Willoughby identified in his rebuttal testimony as a settlement sheet or memorandum claimed to have been made by such witness in the presence of defendant, Smith, the correctness of which figures Smith admitted, except a certain portion relating to two loads of grain. The witness testified regarding such exhibit as follows: "Exhibit A-7 is the paper on which the difference of this grain was figured; those marks were made in his presence, I showed them to him, he saw them. He agreed

that all was correct except he didn't like to estimate those two loads of grain; preferred to have it right. He knew he had it somewhere on paper." We perceive no error in the ruling complained of. Certainly a sufficient foundation had been laid for its introduction.

Under assignment number 13 appellant complains of the court's ruling in sustaining plaintiff's objection to the following question propounded to Ellis Willoughby on cross-examination after such witness had testified in rebuttal: "Q. How did you pay Smith for the note of $2,000 that you gave him on August 7, 1906?" Objected to as improper cross-examination, not having been gone into in the rebuttal testimony. We have read the testimony given by this witness on his direct examination in rebuttal, and find that no inquiry concerning such $2,000 note was made. The ruling was therefore correct.

The rulings complained of under assignment of error number 14 were likewise correct. Appellant's counsel sought to cross-examine the witness upon subjects which had not been touched upon in the direct examination of such witness in rebuttal, and the objections which were sustained were that it was not proper cross-examination.

Under assignment number 15 appellant complains because the lower court sustained objections to certain questions propounded by defendant to the witness Watkins, an alleged expert in handwriting. Defendant sought to show by this witness that exhibit "Q," a mortgage executed by one Armstrong and Ellis Willoughby to defendant, was not written with a fountain pen, but that the same was written by a steel pen. These questions were objected to, and the objections sustained upon the ground "that the same were incompetent, irrelevant, and immaterial, no foundation having been laid for the testimony, and improper rebuttal testimony." We think the rulings were proper. Ellis Willoughby had not claimed that such exhibit was written with a fountain pen; on the contrary, he testified: "I don't know who got it, Mr. Smith handed it to me. I don't remember what kind of a pen and holder it was; have no recollection." We discover no merit whatever in this assignment.

Under assignment number 16 appellant specifies 8 distinct separate rulings as error. He refers to but three of these in the body of his brief, but does not support even these three by any reasons whatever, and we shall treat all of such specifications as abandoned.

We have examined the numerous rulings complained of under the 17th assignment of error, and discover no substantial merit in appellant's contentions with reference thereto. Under such assignment there are about a dozen rulings therein specified as erroneous. It will serve no useful purpose to take the time necessary to a review of each of such rulings. They are discussed in the briefs only in a perfunctory manner. If any of such rulings constituted error we fail to see how the same was so prejudicial as to require a reversal.

Assignments numbered 18, 19, and 20 cannot be considered, as they are not proper assignments. By assignment number 18 counsel undertakes to assign as error the alleged insufficiency of the evidence to sustain the verdict, and by assignment number 19 he alleges that the entire record shows that the defendant did not get a fair trial, and he proceeds to point out wherein he was precluded by the trial court from giving the facts to the jury. By assignment number 20 he alleges that the verdict is contrary to law, contrary to the evidence, and the result of passion and prejudice on the part of the jury. Obviously, such assignments are improper. An assignment of error must be directed to some specific ruling of the trial court claimed to constitute error, and must challenge the correctness of such ruling.

Assignments numbered 21 to 27 inclusive are predicated upon the refusal of the trial court to give certain requested instructions relative to the presumption of fraud arising from sales of personal property not accompanied by an actual and continual change of possession, and also relating to the burden of proof of overcoming such presumption. We have carefully examined these requested instructions, and while some of them might properly have been given, still, after reading the entire instructions of the court to the jury we are agreed that no prejudicial error was committed in declining to give such requested instructions, as the charge given was very full and fair, and substantially and correctly covered the matters thus requested, as well as the law of the case generally.

The portion of the instructions given by the trial court, and which we think substantially covers the matters embraced in the requested instructions, is as follows:

"Our statutes provide that every sale made by a vendor of personal property in his possession or under his control, and every assignment

of personal property, unless the same is accompanied by an immediate delivery and followed by an actual and continued change of possession of the property sold or assigned, shall be presumed to be fraudulent and void as against the creditors of the vendor or assignor, or subsequent purchasers or encumbrancers in good faith and for value, unless those claiming under such sale or assignment make it appear that the same was made in good faith and without any intention to hinder, delay, or defraud such creditors, purchasers, or encumbrancers.

"This provision of the law places the burden upon the plaintiffs, under such circumstances, of proving that they were purchasers from their father of certain of this property in good faith and for value; and if you find by a preponderance of the evidence in this case that the property purchased by the plaintiffs Dan and Wilson Willoughby, from their father, Ellis Willoughby, was purchased in good faith and for value, without any intent to hinder, delay, or defraud creditors, purchasers, or encumbrancers, then you are instructed that the fact that the property so purchased was not separated from the property of their father, Ellis Willoughby, is immaterial.

"The circumstances surrounding the purchase of said property, the relationship of the parties, the manner of transacting the business, the manner and mode of paying for the property, the opportunity and ability of the plaintiffs in view of their circumstances and condition, their individual activity in business and farming operations, are circumstances for you to take into consideration in arriving at your determination as to the bona fides and good faith of the various transactions as shown by the evidence."

What we have above stated sufficiently answers appellant's contention under his last assignment, which is predicated upon certain exceptions to portions of the instructions given by the trial court.

We discover no prejudicial error in the instructions complained of.

In affirming these judgments, we, of course, are not called upon to express an opinion upon the merits of the cases. The fact that we may not agree with the findings of the jury upon the various issues involved is wholly immaterial. A jury of twelve men have passed upon the facts adversely to the appellant, and it is not the province of the court to disturb such findings, although seemingly erroneous, where, as in these

cases, such findings or verdicts have substantial support in the testimony, and where, as in these cases, we are unable to say that the trial court committed prejudicial error.

In conclusion we cannot refrain from criticizing the manner in which these cases have been presented to this court. The assignments of error are an exact duplicate of the specifications of error, and most of the so-called assignments are subdivided into numerous alleged assignments or specifications, and while there are nominally twenty-eight assignments of error there are, in fact, some fifty-seven in number. Such a method of presenting assignments of error is not to be commended, as it necessitates on the part of the court much needless labor,—especially where in the body of the brief, as in this case, many of such assignments are promiscuously thrown together without any logical arrangement, and many of them treated only in a perfunctory way.

The judgments and orders appealed from are affirmed.

Burke, J., being disqualified, did not participate.

## On Rehearing.

Fisk, J. A rehearing having been granted in these cases, counsel have again reargued many of the questions involved, both orally and in additional printed briefs.

After a careful reconsideration of such questions we have concluded to recede from our first conclusions, and to order a new trial in each of the cases. While we are very loath to send these cases back for retrials, in view of the large expense which necessarily will result, we think the interests of justice demand that we. do so. A dispassionate consideration of the entire record serves to convince us that a fair trial was not accorded the appellant. While we are unable, with a few exceptions, to point to any specific ruling which we are willing to hold as necessarily constituting prejudicial error requiring a reversal, we cannot consider the entire record without reaching a firm conviction that defendant did not receive that fair and impartial trial to which he was entitled. We shall not attempt to again review each specific ruling complained of as error, but in view of new trials we will briefly refer in a general way to some of the more important ones.

While we realize that the truth of the various contentions of these plaintiffs, although apparently very improbable on their face, in the light of the relationship of such parties and all the other circumstances disclosed, is for the jury, and not the court, to determine, still we think that, owing to such apparent improbability of the truth of the various contentions of the plaintiffs, the court, in the interests of justice, should permit the fullest cross-examination of such plaintiffs and their witnesses. We think defendant's counsel was unduly curtailed in his exercise of the right to cross-examine, especially touching the question of alleged payments made by Ellis Willoughby to defendant. On more mature deliberation we think there is much merit in appellant's 13th assignment, predicated upon the ruling denying him the privilege of cross-examining Ellis Willoughby relative to how he claimed to have paid the $2,000 note. This witness had testified on rebuttal that a full settlement was had between him and appellant, evidently conveying, and intending to convey, the impression to the jury that the above note, as well as all of the other notes held by appellant against him, were talked over at and included in such settlement. In view of the vital and much disputed issue as to whether any sum was still due on any of these notes which appellant held and produced at the trial, we think prejudicial error was committed in refusing to permit such cross-examination. We also think the court should have permitted the cross-examination of such witness with reference to his knowledge concerning Exhibit A–2. This was proper cross-examination, and very material, for knowledge of the contents of such exhibit, if shown, was inconsistent with the prior testimony of such witness to the effect that the extent of his indebtedness to appellant was only about $217. Exhibit A–2 is a receipt delivered to Dan Willoughby by appellant, dated January 11, 1908, for $1,725, paid in cash and by certain personal property, to be credited on note held by appellant against Ellis Willoughby.

We also think that the trial court should have given appellant's third requested instruction, or at least have charged upon the law embraced therein. The charge as given does not cover this phase of the law. It is no doubt the law that where the parties to a transfer are near relatives, clearer and more convincing proof is required of the good faith and bona fides of the transaction than when they are strangers, and we think appellant was entitled to have the jury so

advised.   See Martin v. Duncan, 156 Ill. 274, 41 N. E. 43, and cases therein cited.

In the interests of orderly procedure, we suggest that the order consolidating these cases be vacated and each case tried separately.

Reversed and new trials ordered.