MINNKOTA POWER CO–OPERATIVE, Inc.,
Plaintiff and Appellant,

v.

Anne H. BACON, Defendant and Respondent.

No. 7513.

Supreme Court of North Dakota.

Oct. 21, 1955.

This is an action in eminent domain. It is brought by the plaintiff to acquire a right of way across defendant's lands for a high-voltage electric transmission line which was heretofore constructed and maintained under a lease which provided for an annual rental. The action was tried to the court without a jury and a judgment was entered granting the plaintiff the right of way sought and assessing defendant's damages in the sum of $2712.50 as follows:

| | |
|---|---:|
| East half of Section 25, .878 acres, | $ 62.50 |
| East half of Section 25, 6 poles at $10.00 each, | 60.00 |
| Section 32, 1.61 acres at $250.00 per acre, | 400.00 |
| Section 32, 19 poles at $10.00 per pole, | 190.00 |
| For all detriment to lands of defendant not occupied by plaintiff's structures of easements caused by construction of transmission lines on said lands | 2000.00 |
| Total, | $2712.50 |

The plaintiff, feeling that the damages awarded the defendant are excessive, has appealed to this court and asked a trial de novo.

The defendant concedes the plaintiff's right to acquire a right of way across defendant's land. The only issue, therefore, is the amount of damages defendant should receive for the easement plaintiff seeks to acquire, and the damages which will accrue by reason of its severance to that portion of defendant's land not sought to be condemned.

These are the pertinent facts: The defendant is the owner of the East Half of Section 25, Township 152, Range 51, and Section 32, Township 152, Range 50, all in Grand Forks County, except such portions of Section 32 as have heretofore been conveyed and as hereafter set forth. No part of this land lies within the city limits of Grand Forks, and no part has ever been subdivided into lots. Section 32 is located to the northwest and near the cor-

Johnson & Hoghaug, Lakota, for appellant.

Philip R. Bangs, Grand Forks, for respondent.

WM. H. HUTCHINSON, District Judge.

porate limits of the City of Grand Forks. Section 25 is about two miles further to the northwest. Section 32 is bounded on the south by U. S. and State Highway No. 2; U. S. and State Highway No. 81 running in a northwesterly direction out of Grand Forks crosses the northeast corner of Section 32. The Northern Pacific Railway right of way bisects this section entering about 200 feet north of the southeast corner and running in a northwesterly direction to a point about 2,100 feet north of the southwest corner of the section. The Great Northern Railway right of way bounds Section 32 on the west side. A creek known as English Coulee enters Section 32 about 1,800 feet east of the southwest corner of the section and runs in a northeasterly direction about 3000 feet, where it crosses the plaintiff's proposed right of way, then follows east along the north side of the proposed right of way about 800 feet, then flows north and northeast until leaving the section a short distance south of the northeast corner. The farm buildings are located in the northeast corner of Section 32. Since 1940 the defendant has sold all of the land in Section 32 lying south of the Northern Pacific Railway right of way in blocks for industrial and commercial purposes for an average of about $600 per acre. The defendant has also sold about 16 acres directly north of the Northern Pacific Railway right of way for commercial purposes, described by metes and bounds as follows: Beginning at a point on the east line of Section 32 about 1,100 feet north of the southeast corner of the section, thence west about 1,200 feet, thence south about 400 feet, thence southeasterly along the Northern Pacific Railway right of way to the east line of said section, thence north to the point of beginning. This block of about 16 acres was sold for about $1,000 per acre. The unsold portion of Section 32 and the East Half of Section 25 are being used as a dairy farm. This has been the use for more than twenty years of the immediate past. The East Half of Section 25 and all that portion of Section 32 lying east and north of plaintiff's proposed right

of way is in pasture. The plaintiff's high line as now constructed is known as a single-pole line. It enters Section 32 on the east side at a point about 1,600 feet north of the southeast corner of the section. The line runs due west 1,155 feet, thence due north 3,689 feet to the north boundary line of the section. The high line enters Section 25 on the east side and at the southeast corner of the northeast quarter, thence running west one half mile on the quarter line. There are twenty-five poles in the installation together with necessary guy wires.

As in most condemnation cases, the evidence as to values is not in agreement. The testimony given fixes the value of the land in Section 32 owned by the defendant and used for agricultural purposes at from $125 to $250 per acre. It places the value on the lands in Section 32 that might be used for commercial or industrial purposes at from $800 to $1,500 per acre. It is conceded by the parties that the lands in Section 25 are of the value of about $62.50 an acre.

In a recent case this court had occasion to consider the law of eminent domain and the principles governing its application. We discussed in detail the provisions of the law and cited and analyzed the cases in our jurisdiction and others which should guide in determining compensation. We refer to the case of Wishek Investment Co. v. McIntosh County, 77 N.D. 685, 45 N.W.2d 417. It is unnecessary therefore to again review the statutes or to again cite the cases there collected.

As above stated, there are two matters for determination: (a) the value of the property sought to be condemned; (b) the amount of the severance damage. It is the contention of the plaintiff that the defendant's lands are farm lands and that their value as farm lands should be the basis in determining the amount which defendant should receive. It is conceded by the defendant that the land in Section 25 is farm land and should be valued accordingly, but the defendant contends that

the land in Section 32, because of its proximity to the City of Grand Forks and because of its transportation advantages by reason of railroads and main highways, should be valued as commercial and industrial property and not as agricultural land. The defendant points to the fact that several tracts have already been sold for commercial purposes for an average of some $600 per acre.

It is true that the land in Section 32 lying south of the Northern Pacific Railway right of way, and one tract immediately north of this right of way, has been sold for commercial purpose. However, to say that all the other land in Section 32 has a value other than for agricultural purposes would be contrary to the evidence and not a reasonable conclusion to be drawn therefrom.

There is one tract of land in Section 32 which lies north of the tract already sold to the Northern Construction Company and directly south of the transmission line and consisting of about 13 acres which has a value for commercial purposes of about $650 per acre. The surface generally fits it for such purpose as well as its location with reference to other tracts already sold, the City of Grand Forks and the availability of the railroads and highways. The land traversed by the east and west segment of the transmission line and the land north thereof, since it is in or adjacent to English Coulee, does not appear to be suitable for industrial use. The actual acres taken by the plaintiff for its right of way must be valued as agricultural land, and this value in Section 32 would be $200.00 per acre. It is conceded that the value in Section 25 is $62.50 per acre. The transmission line bounds agricultural land except that portion of the line running east and west in Section 32 which bounds on the north the 13 acre tract that is entitled to be valued as commercial property. There is no certain rule for determining severance damages. In each case the court must consider all the evidence and apply its best judgment to the established facts.

Wishek Investment Co. v. McIntosh County, 77 N.D. 685, 45 N.W.2d 417. The severance damage to the agricultural land would not be large. There are some hazards by reason of storms and often weeds must be mowed. A reasonable severance damage for the land in Section 25 would be $50.00. A reasonable severance damage for the agricultural land in Section 32 would be $200.00. The severance damage to the 13 acre tract valued as commercial property would be more substantial. Although we cannot tell to what commercial use the tract may be eventually put, the severance damage can be valued at $800.00.

The trial court found that the plaintiff required an easement with a width of 14.6 feet. The trial court's finding is approved by this court.

The amount the defendant is entitled to recover can be stated as follows:

For property taken in Section 25.. $ 55.00
For severance damage to land in
Section 25 ..................... 50.00
For property taken in Section 32.. 325.00
For severance damage to agricultural land in Section 32 ...... 200.00
For severance damage to commercial property in Section 32 .... 800.00
                            Total $1430.00

The plaintiff has pointed out that the trial court not only gave the defendant the full value of the land taken but also gave judgment for a further sum of $10.00 for each pole used in the transmission line. All poles are located upon the land taken. There is no legal basis for such an award.

The District Court is directed to vacate the judgment heretofore entered and to enter a judgment in harmony with this decision

BURKE, C. J., and MORRIS, GRIMSON and SATHRE, JJ., concur.

JOHNSON, J., disqualified.