**MONTANA–DAKOTA UTILITIES CO., a corporation, Plaintiff and Appellant,**

**v.**

**Phillip AMANN and Julia Amann, his wife; Cities Service Oil Company, a corporation; Skelly Oil Company, a corporation, Defendants and Respondents.**

**No. 7636.**

Supreme Court of North Dakota.

Jan. 28, 1957.

Rehearing Denied March 15, 1957.

Reichert & Reichert, Dickinson, Cox, Pearce & Engebretson, Bismarck, and Raymond Hildebrand, Glendive, Mont., for plaintiff and appellant.

Floyd B. Sperry, Golden Valley, for defendants and respondents Phillip Amann and Julia Amann.

JOHNSON, Judge.

This is one of seven cases in eminent domain, consolidated for the purpose of trial, and tried before a jury in Dunn County, North Dakota. Under instructions of the court separate verdicts were rendered by the jury and separate findings and judgments were entered in all seven cases.

In this action the plaintiff sought an easement for the purpose of construction and maintenance of electrical transmission lines over a 50-foot strip of land running in a diagonal direction from the southwest to the northeast and crossing the East Half of the Southwest Quarter (E½SW¼) Lot 3, (NW¼SW¼) and Lot 4 (SW¼SW¼) of Section 19, Township 141 North of Range 92, Dunn County, North Dakota. The total acreage involved in the strip for the location of the line is 3.24 acres. The electrical transmission line over this tract consists of 4 H-Frame structures located on the premises. The minimum clearance from the ground of the line between the structures is 26 feet at 120 degrees fahrenheit.

The defendants, in their answer, allege damages claimed by them for the easement sought by the plaintiff, for loss of crops and grass caused by the use of the property pending construction, damages to the remainder of the tract not involved in the 50-foot easement over the land heretofore described, and damages to the remainder of the farming unit of the defendants, consisting of 480 acres. Two oil companies, the Cities Service and Skelly, were ordered interpleaded as defendants. They both answered in this action waiving all damages.

Necessity for the taking was involved in all of the seven actions tried. However, it is conceded that it was established and that it is not an issue before us on this appeal.

The jury rendered a verdict assessing the defendants' damages for the 50-foot easement or right of way in the sum of $712 and $1,440 to the remainder of their property not so taken. In other words, the jury assessed these elements of damage separately. The verdict insofar as pertinent stated:

"We, the jury, * * * find for the defendants * * * and against the plaintiff on the issue of damages * * * and assess their damages for the taking of the 50-foot easement or right-of-way at the sum of 712.00 Dollars, and assess their damages to the remainder of their property not so taken at the sum of 1440.00 Dollars."

Subsequent to the trial but before entry of judgment the plaintiff noticed a motion for an order setting aside the verdict and for a new trial. The motion was based upon four grounds:

1. Excessive damages.

2. Insufficiency of the evidence to justify the verdict.

3. The verdict is against the law.

4. Errors in law at the trial.

Attached to the notice of motion and the motion the plaintiff served specifications of error and insufficiency of the evidence. Judgment was entered April 28, 1956.

Upon presentation of the motion the plaintiff argued orally only the issue of excessive damages. On May 12, 1956, the trial court entered its order reducing the verdict as to the value of the 50-foot easement or right of way from $712 to $194.40, or the sum of $517.60.

Two witnesses testified as to values, Norbert Amann, a son of the defendant Phillip Amann, and W. D. Knudson, an experienced real estate man, from Dickinson. The testimony of both these witnesses shows that they made two valuations of the easement. One valuation of the 50-foot easement was based on its consideration as a part of the whole tract out of which it was to be taken. The other was based upon the 50-foot strip as a separate unit. The valuation of the strip as a separate unit greatly exceeded its value as a part of the tract. The witnesses had placed the value per acre of the land on which the easement was located at $60 per acre. Norbert Amann testified that the easement was worth $800 as a separate unit, and Knudson testified that it was worth $712.80. Both said it was worth nothing after the taking. The trial court, upon the motion for a new trial determined that the only credible evidence before the jury of the value of the 50-foot easement or right of way was the consideration of it as a part of the whole tract and reduced the value placed upon it by the jury to the value of $60 per acre for the acreage taken, or $194.40.

Both Norbert Amann and Knudson testified that the taking of the 50-foot easement or right of way resulted in damage to the entire farming unit of the defendants, of $5 per acre to the quarter section over which the easement passed, and $2 per acre to the remainder of the farming unit, or 480 acres. The jury found that the damage to the remainder of the entire farming unit of the defendants, apart from the value placed on the 50-foot easement or right of way, to be $1,440.

The trial court in its memorandum decision upon the motion for a new trial dealt only with the question of excessive damages, reducing the damages allowed as the value of the 50-foot easement or right of way, leaving intact the damages allowed by the jury to the remainder of the property not so taken.

Other specifications set forth in connection with the motion were not mentioned by the trial court. Ten days after the order denying a new trial was entered, the plaintiff made an application for a further hearing on the motion for a new trial. It was made on the ground that the trial court had considered only the question of the excessive damages, and that since there were other specifications of error and insufficiency of the evidence pointed out in connection with the motion, and in addition thereto, and since the appellant did not abandon the specifications of error and the insufficiency of the evidence, it therefore, applied to the court for a date at which the plaintiff "may appear and orally or in writing, support the other grounds" of the motion for a new trial on the specifications of error thereto attached. This application was not noticed for hearing and no hearing was ever had thereon. The trial court denied this application primarily on two grounds. First, it held that the plaintiff through its counsel had expressly waived the grounds not presented upon the argument on the motion. The court asked:

"What about the other points you had in your motion, are you presenting those? A. No, not now."

The trial court felt that this amounted to an express waiver of the remaining grounds upon which the motion was based, and that, therefore, the other grounds referred to in the specifications of error were abandoned and not available to the plaintiff. Second, it held that notwithstanding such waiver, the remaining grounds could not be considered for the reason that the specifications of error did not point out wherein the evidence was insufficient to support the verdict.

Upon denial of a further hearing on the motion for a new trial the plaintiff appealed to this court from

"that part of that certain judgment hereinbefore described wherein the said Defendants were awarded the sum of One Thousand Four Hundred Forty and no/100 Dollars ($1,440.00) damages to the remainder of their property not so taken for an easement to a public use * * *."

It also appealed to this court from the order denying a new trial

"insofar as such Order denies to the Plaintiff any reduction of damages with respect to the balance of said tract not taken for an easement, * * *."

The plaintiff also appeals from the order of the court denying the application for a further hearing on the motion for a new trial.

It will be noted that the appeal to this court is made from a part of the judgment, a part of the order denying a new trial, and from an ex parte order of the trial court denying a further hearing on the motion for a new trial.

 On this appeal it was argued that the damages as reduced for the taking of the 50-foot easement or right of way are still excessive, and that there should be a further reduction of the damages for the taking thereof. No appeal was taken to this court from that part of the judgment.

The notice of appeal refers only to that portion of the judgment dealing with damages to the remainder of the property of the defendants. The issue as to whether or not the damages allowed for the taking of the 50-foot easement and right of way, as reduced by the trial court, are still excessive, is not before us on this appeal. On appeal from part of a judgment, order or decree, the part not appealed from is not before the appellate court for review. 5 C.J.S., Appeal and Error, § 1472, p. 110.

 Nor is the order denying a further hearing on the motion for a new trial before us. That order was issued ex parte. No hearing was had on that motion. The order is not appealable. Section 28-2702, subd. 7, NDRC 1943. It, therefore, becomes unnecessary to determine whether the plaintiff waived or abandoned the issues not argued at the hearing on the motion for a new trial.

It, therefore, appears that if anything is before us on this appeal, it pertains only to the question of the damages allowed by the jury to the remainder of the farming unit of the defendants, for which the jury allowed the sum of $1,440, and depends upon whether an appeal may be taken from a part of a judgment and a part of an order denying a new trial, and if so, whether the specifications of error presented are of such a nature as to permit the court to consider the evidence.

At the outset we are met with the contention that the plaintiff may not appeal from a part of a judgment and a part of an order.

We have noted that the verdict in this case is divided into two parts. The first part allowed the defendants $712 as damages for the taking of the 50-foot easement, which later was reduced by the trial court to $194.40. The second part of the verdict allowed the defendants $1,440 damages resulting to the remainder of their farming unit apart from the taking of the 50-foot easement.

We will first consider whether the plaintiff may appeal from a part of a judgment and a part of an order.

"How Appeal Taken. An appeal must be taken by serving a notice in writing signed by the appellant or his attorney on the adverse party and filing the same in the office of the clerk of the court in which the *judgment or order* appealed from is entered, stating the appeal from the same, and whether the appeal *is from the whole or a part thereof,* and if from a part only, specifying the part appealed from * * *." Section 28–2705, NDRC 1943. (Emphasis supplied.)

■ At common law, a writ of error, did not lie to review a part only of a judgment. Hence, in absence of a statute expressly authorizing it, a part of a judgment could not be reviewed. However, some jurisdictions have expressly authorized such appeal by statute. 2 Am.Jur., Appeal and Error, Section 20, page 858. McCaull-Webster Elevator Co. v. Adams, 39 N.D. 259, 167 N.W. 330, L.R.A.1918D, 1036. The above statute is an express authorization of an appeal from a part of a judgment and a part of an order. But apart from a statute expressly authorizing an appeal from a part of a judgment, the rule has become well recognized that there may be an appeal from a part thereof only if that part is severable from the remainder thereof. Bancroft, Code Practice and Remedies, 8326, Section 6267; State ex rel. Mueller v. Todd, 117 Mont. 80, 158 P.2d 299, 300; Evans v. De Spain, Tex.Civ.App., 37 S.W.2d 231, 233; Cottier v. Sullivan, 47 Wyo. 72, 31 P.2d 675, 678; Stearns v. Strom, 68 Idaho 392, 195 P.2d 337; 4 C.J.S., Appeal and Error, § 109, p. 204; American Enterprise v. Van Winkle, 39 Cal.2d 210, 246 P.2d 935, 938.

■ The test as to whether a portion of a judgment appealed from is so interwoven with other provisions as to preclude an independent examination of the part challenged by the appellant is whether the matters or issues embraced therein are the same as, or inter-dependent upon, the matters or issues which have not been attacked. Blache v. Blache, 37 Cal.2d 531, 538, 233 P.2d 547; Cottier v. Sullivan, supra; Warren Mercantile Co. v. Myers, 48 Wyo. 232, 45 P.2d 5, 6; Stout v. Oliveira, Tex.Civ. App., 153 S.W.2d 590, 594.

"In order to be severable, and therefore appealable, any determination of the issues so settled by the judgment * * * must not affect the determination of the remaining issues whether such judgment on appeal is reversed or affirmed * * *. Perhaps another way of saying it would be that the judgment is severable when the original determination of those issues by the trial court and reflected in the judgment or any determination which could be made as the result of an appeal cannot affect the determination of the remaining issues of the suit * * *." Attorney General of Utah v. Pomeroy, 93 Utah 426, 73 P.2d 1277, 1294, 114 A.L.R. 726.

The quotation from this last cited case was approved in the case of American Enterprise v. Van Winkle, supra. See also Gudelj v. Gudelj, 41 Cal.2d 202, 259 P.2d 656.

■ Measured by this rule, under our statute, there can be no doubt that although an appeal may be taken from a part of a judgment, such appeal does not lie unless that part of the judgment or order is of such a nature that it is severable and divisible from the remainder of the judgment or order.

■ This court has held in several cases arising under Section 28–2732, NDRC 1943, or statutes of a similar nature preceding it, that the supreme court has no authority to retry the entire case or specified questions of fact where the appeal is taken only from a part of the judgment. See Tyler v. Shea, 4 N.D. 377, 61 N.W. 468, 50

Am.St.Rep. 660; Prescott v. Brooks, 11 N.D. 93, 90 N.W. 129; Mapes v. Metcalf, 10 N.D. 601, 88 N.W. 713; Crane v. Odegard, 11 N.D. 342, 91 N.W. 962; Tronsrud v. Farm Land & Finance Co., 18 N.D. 417, 121 N.W. 68; Hoellinger v. Hoellinger, 38 N.D. 636, 166 N.W. 519; Clauson v. Olson, 79 N.D. 858, 60 N.W.2d 198. The rule announced in these cases has no application to an eminent domain action, tried to a jury, resulting in a judgment which is clearly separable and divisible, or to an order which is also clearly so. Section 28-2705, NDRC 1943.

While under the authorities and our statute, an appeal from a part of a judgment or a part of an order is available, if the judgment and order are of such a nature as to be separable and divisible, the question still remains, whether in the case at bar the specifications of error are of such a nature as to enable us to reach the sufficiency or insufficiency of the evidence and the alleged errors of law in the admission of testimony and the rulings of the trial court.

The specifications of error on which the motion for a new trial was based state generally that the court erred as a matter of law in admitting incompetent and immaterial evidence, over objection of the plaintiff, prejudicial to it, of Norbert Amann, son of the defendant Phillip Amann, and of the witness, W. D. Knudson, particularly insofar as it allowed said witnesses to testify to speculative, conjectural future damages to the strip, and also insofar as it allowed them to testify to speculative, conjectural and future damages to the balance of the land over which the 50-foot easement passes; and further that there was no competent evidence to show that a severance results from the taking of the 50-foot easement and the remainder of the tract on which it is located. It was further contended that the court erred in allowing the witnesses to testify to damages to the balance of the farm unit of the defendants, consisting of 480 acres, on the ground that

such testimony was speculative, conjectural, outside of the pleadings, refers to property unrelated to the property upon which the plaintiff seeks an easement; that no proper foundation was made for such testimony; that the construction and maintenance of the transmission line would operate as a severance of the defendants' property; and lastly, that there was no competent evidence that the construction of the line directly and proximately damaged any portion of said tract. It was further asserted that the court erred in allowing these witnesses to testify that the severance damage amounted to $5 per acre to the land over which the easement sought was located, and $2 per acre to the balance of the farm unit, consisting of 480 acres. It was also stated:

"That the evidence was insufficient to justify the verdict in that there was no competent or material evidence before the jury:

"(a) As to the actual and present damage to the fifty (50) foot strip required for the Plaintiff's easement,

"(b) As to any severance of the tract upon which the easement is sought, and,

"(c) As to any actual present damage to the balance of said tract."

The plaintiff also specified that the verdict was excessive and allowed by the jury under the influence of passion and prejudice; that it was against the law and the weight of competent and material evidence; that the court erred as a matter of law in allowing the witnesses for the defendant to testify to leading and suggestive questions as well as questions calling for answers based on hearsay and conclusions as to damages and values "unwarranted by law and the rules of evidence, all of which was to the prejudice of this Plaintiff before the jury."

The specifications of error on this appeal are almost identical with those filed on the

motion for a new trial with the addition, however, that it is claimed that the court erred in denying the motion and in denying a further opportunity for a hearing on the specifications not argued on the motion.

It will be noted that the specifications of the insufficiency of the evidence and the alleged errors of rulings on evidence relate primarily to two contentions:

1. The insufficiency of the evidence to support the verdict, and

2. The admission of improper, incompetent and immaterial evidence.

The only issue before us on this appeal is the amount of the damages awarded by the jury to the land not taken by the easement acquired by the appellant. The specifications of error set forth that there was no competent or material evidence, that the construction of the transmission line resulted in a severance of the defendants' property; that there was no competent or material evidence that the construction of the transmission line directly or proximately damaged the entire balance of the land.

Nowhere in the record does the appellant point out wherein the evidence is insufficient to support the verdict for damages to the defendants' land not taken for the easement. In that connection it was proper for the appellant to include in such specification, specifications of facts conclusively established together with facts claimed not to be established, in such manner as to show intelligently wherein on the whole case, the verdict or decision is not supported by the evidence. Section 28-1809, NDRC 1943.

■■■ The specifications indicate that there was evidence before the jury but that it was not competent or material. In Nevland v. Njust, 78 N.D. 747, 51 N.W.2d 845, it was held that under the statute a motion for a new trial presents no question as to whether the evidence is sufficient or insufficient to sustain the verdict, unless the moving party presents with, and as a

part of his motion for a new trial, specifications of the insufficiency of the evidence prescribed by the statute. The appellant has failed to do that. It is not the duty of the court on a motion for a new trial to search the record to determine whether the evidence is sufficient to sustain the verdict. The appellant must point out wherein the evidence is insufficient. Jacobs v. Bever, 79 N.D. 168, 55 N.W.2d 512; Enget v. Neff, 77 N.D. 356, 43 N.W.2d 644; Mann v. Policyholders' Nat. Life Ins. Co., 78 N.D. 724, 51 N.W.2d 853; Haslam v. Babcock, 71 N.D. 363, 1 N.W.2d 335.

■■■ In the specifications of error it is claimed that the evidence admitted was incompetent and immaterial, but this is not pointed out with particularity. Assignments of error on rulings on evidence should be specific and point out the particular rulings complained of. Erickson v. Wiper, 33 N.D. 193, 157 N.W. 592; Enget v. Neff, supra. The mere assertion that there is no competent or material evidence in the record to show damages to the land not taken for the easement is insufficient and not stated with sufficient particularity.

"A party who assails the rulings of a trial court in the admission or exclusion of evidence either by motion for a new trial or on appeal must specify the particular ruling or rulings which are claimed to be erroneous." O'Dell v. Hiney, 49 N.D. 160, 190 N.W. 774; Willoughby v. Smith, 26 N.D. 209, 220, 144 N.W. 79; Hayne, New Trial and Appeal (Rev.Ed.) p. 738 et seq.

The rulings upon the evidence under the specifications are thus not before us.

■■■ We must now determine whether the verdict as to damages is excessive. The appellant asserts that the verdict as to damages is excessive and allowed and assessed by the jury under the influence of passion and prejudice. The trial court, upon the motion for a new trial, reviewed all the evidence, reduced the verdict as to the value of the 50-foot strip, which portion of

the judgment was not appealed from and is, therefore, not before us. As to the damages sustained by the remainder of the farm unit, the court reached the conclusion that the award was supported by credible evidence and left that intact. The court had the power to set this part of the verdict aside on the ground that it was excessive and given under the influence of passion or prejudice. Section 28–1902, subd. 5, NDRC 1943.

 The only issue before the jury was the amount of the damages. On appeal to this court the appellant is entitled to a review of the decision of the trial court in refusing to disturb the damages to the remainder of the farming unit of the defendants. In our review of that question, we must keep in mind that a motion for a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice is addressed to the sound judicial discretion of the trial court. Halverson v. Zimmerman, 56 N.D. 607, 218 N.W. 862; Reid v. Ehr, 36 N.D. 552, 162 N.W. 903; Kohler v. Stephens, 74 N.D. 655, 24 N.W.2d 64. This general rule prevails as to the amount of the recovery in actions for damages in the exercise of the power of eminent domain. See 30 C.J.S., Eminent Domain, § 448, p. 194. On appeal this court will not reverse an order of the trial court granting or denying a motion for a new trial on the ground that damages appear to have been given under the influence of passion or prejudice unless a manifest abuse of discretion of the trial court is shown. Moe v. Kettwig, N.D., 68 N.W.2d 853. To warrant the granting of a new trial on the ground of excessive damages appearing to have been given under the influence of passion or prejudice, the amount of the verdict must appear to be so large as to induce the belief that the jury was actuated by passion or prejudice. Loveland v. Nieters, 79 N.D. 1, 54 N.W.2d 533.

 The appellant argues vigorously and at length the rules that he claims constitute the basis for determination of the proper measure of damages to the remainder of the farming unit of the defendants. It appears, however, the damages in this connection allowed by the jury are in accordance with the instructions of the trial court. The Plaintiff requested no instructions, it made no objection to the instructions given, nor do the specifications of error challenge the correctness of the instructions that were given by the court. In such a situation the instructions constitute the law of the case. Cochrane v. National Elevator Co., 20 N.D. 169, 127 N.W. 725; McCullagh v. Fortune, 76 N.D. 669, 38 N.W.2d 771; Keller v. Merkel, 73 S.D. 477, 44 N.W.2d 208; 89 C.J.S., Trial, § 510, p. 187.

After setting forth the general nature of the easement sought, the trial court instructed the jury with reference to damages as follows:

"The only questions before you to determine in each case are: first, the actual value of defendants' right or interest in the 50-foot strip sought to be taken by the plaintiff for the purpose as already described, and second, the damage, if any, to the remainder of their property by reason of such appropriation. * * *

"The measure of damage for a taking of an easement over property in the exercise of eminent domain is an amount sufficient to compensate the defendant for the damage done to his interest in the property appropriated to the uses of the plaintiff at the time of trial. The damages found by you must therefore be directed to the present and not to the future values of the interest condemned; to its value for uses to which it was or could reasonably be applied or for which it had some natural adaptation or special fitness. Such measure of damages must be de-

termined by the depreciation in value of the interest the defendant or defendants had in the property before the taking and not by the value the easement might have to the plaintiff. In determining the amount of compensation for such easement over and across such strip of land of each defendant or defendants, you may consider the actual present value of such tract or strip of land immediately before the taking and its actual value immediately thereafter with the lines erected thereon. The difference will be such compensation or damages. When you have determined such amount from a fair preponderance of the evidence in each case, you will award the defendant or defendants in each case such sum.

"The second element of damage, if any, is that which may be suffered by the defendant or defendants in each case to the remainder of his or their land by reason of the taking of an easement over and across said tract or strip for the purposes aforesaid. If you find from a fair preponderance of the evidence that the remainder of the defendant's or defendants' land, not including the 50-foot strip, has been or will be damaged by reason of the taking of such strip, you will determine from the evidence how much of such land of the defendant or defendants has been or will be so depreciated. What is the difference, if any, between the actual value of such remaining tract or tracts of land and its present actual value after said lines have been constructed across such land. The difference will be the damage, if any, arising under the second element of damage, and you will award such sum also to the defendant or defendants in each case. If the defendant owner or owners in any case have failed to prove such damage, if any, in his or their case, by a fair pre-ponderance of the evidence, then you will award him or them nothing on this count.

"In either instance nothing should be allowed for imaginative or speculative damages or such remote or inappreciable damages as the imagination may conjure up and which may or may not arise at all in the future; 'just compensation' means compensation for real, not speculative, damages.

"If it appears from the evidence that such easement across such land of any defendant or defendants will divide it or cut it into inconvenient shapes for farm purposes, you may consider this as an element in determining whether the remaining land not taken has been depreciated in value, and if so, the amount, if any.

"You may consider, also, damages done, if any, to growing crops, structures, fences, and trees, if any."

The damages allowed by the jury to the remainder of the defendants' property are within the instructions laid down by the court as heretofore set forth.

Here the easement taken is permanent for the purpose of constructing, maintaining, operating and repairing an electric power line. The testimony shows that the defendants own 640 acres; it was one farm unit served by a single set of buildings. The defendants' witnesses testified that the reasonable market value of the land over which the easement passes was $60 per acre before the taking. After the taking the witnesses testified that the land would be worth $55 per acre, or a difference of $5. The land not taken for the easement amounted to 156.76 acres. The easement covered 3.24 acres of a part of a 160 acre tract of land owned by the defendants. The testimony shows the type of land involved, the use to which it had been put, and the farming operations involved. The witnesses also testified that the remainder

of the defendants' property, consisting of 480 acres, was worth $55 per acre before the taking; that it depreciated in value to the extent of $2 per acre. In other words, after the taking the 480 acres were valued at $53 per acre. This testimony stands undisputed except that a witness called by the appellant, who had made a cursory examination of the property while driving around it in an automobile, stated that the farm had not been injured by the proposed line before or after the taking thereof. The jury considered all the evidence and determined that the land not taken for the easement had been damaged and awarded the defendants the verdict of $1440 to cover that damage.

While there is considerable variance in the formula used by the courts in stating damages with respect to the appropriation of property for power lines or other wire lines, in one form or another the courts recognize the rights of the owners to compensation, not only for the land taken for poles and towers and the depreciation of the value of the strip taken, which is adjacent to the right of way, but also for impairment of the remainder of the tract. This court in the recent case of Minnkota Power Co-op v. Bacon, N.D., 72 N.W.2d 880, recognized that the owner of property taken for an easement for a power line was not only entitled to the value thereof, but was also entitled to severance damages to the portion of the land not taken. In each case the jury under the evidence and the instructions of the court must consider the value of the easement granted and the amount of damage to the remainder of the land not sought or taken and apply its best judgment in fixing the amount of the damages to be awarded.

In the case at bar, under the instructions, that is what the jury did. We cannot say that the trial court abused its discretion in not setting aside the verdict as to the severance damages awarded by the jury.

The judgment and order of the trial court are affirmed.

GRIMSON, C. J., and SATHRE, MORRIS, and BURKE, JJ., concur.