MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

August BENTZ; Gust Bentz, a/k/a August
Bentz, Jr. and Connie Bentz, a/k/a Con-
stance Bentz, his wife; State Treasurer,
as Trustee for the State of North Dakota;
Cities Service Oil Company, a corporation;
Skelly Oil Company, a corporation; Stan-
olind Oil and Gas Company, a corporation,
Defendants and Respondents.

MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

Emil ZIMMERMAN; State Treasurer, as
Trustee for the State of North Dakota;
Dakamont Exploration Corporation, a cor-
poration, Defendants and Respondents.

MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

Peter J. HAUCK; John Hauck and Chris-
tine Hauck, his wife; Cities Service Oil
Company, a corporation; Skelly Oil Com-
pany, a corporation; The Federal Land
Bank of St. Paul, a corporation, Defend-
ants and Respondents.

MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

Math W. STECKLER and Florentina Steck-
ler, his wife; The Federal Land Bank of
St. Paul, a corporation; State Treasurer,
as Trustee for the State of North Dakota;
Cities Service Oil Company, a corporation;
Skelly Oil Company, a corporation, De-
fendants and Respondents.

MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

Valentine M. ZIMMERMAN and Elizabeth
Zimmerman, his wife; Stanolind Oil and
Gas Company, a corporation, Defendants
and Respondents.

MONTANA–DAKOTA UTILITIES CO., a
corporation, Plaintiff and Appellant,

v.

John MUGGLI; Gerard M. Muggli and An-
gelica Muggli, his wife; Richard Eng-
wicht; Cities Service Oil Company, a cor-
poration; Skelly Oil Company, a corpo-
ration, Defendants and Respondents.

Nos. 7637–7642.

Supreme Court of North Dakota.

March 29, 1957.

---

Reichert & Reichert, Dickinson, Ray-
mond Hildebrand, Glendive, Mont., and
Cox, Pearce & Engebretson, Bismarck, for
plaintiffs and appellants.

Floyd B. Sperry, Golden Valley, for de-
fendants and respondents August Bentz,

Gust Bentz, Connie Bentz, Emil Zimmerman, Peter J. Hauck, John Hauck, Christine Hauck, Math W. Steckler and Florentina Steckler.

Mackoff, Kellogg, Muggli & Kirby, Dickinson, for defendants and respondents Valentine M. Zimmerman, Elizabeth Zimmerman, John Muggli, Gerard M. Muggli and Angelica Muggli.

JOHNSON, Judge.

The six appeals here involved were tried together with the case of Montana-Dakota Utilities Co. v. Amann, N.D., 81 N.W.2d 628. An examination of the pleadings discloses that with respect to the contested issues they are the same in all seven actions except for the difference in the parties and the tracts of land involved. The trial court gave one set of instructions in all seven cases. Pursuant thereto a separate verdict was rendered in each case and a separate judgment entered.

The evidence in all the cases followed the same general pattern with reference to the proof of damages claimed by each landowner. While there are some slight variations in the proof presented, such difference as exists does not affect the contested issues involved. Some of the witnesses in these cases were the same in all the cases. There were some witnesses that testified in some of the cases, not in others, but the testimony of those witnesses was stipulated as being applicable to some of the other cases. The testimony of these additional witnesses does not in any way change the issues involved or the result.

■ A motion for a new trial was made in each case. The grounds upon which the motion was based are the same in each case. An appeal was taken from part of the order denying the motion for a new trial in each case and from a part of the judgment awarding damages to the land not taken by the easement in each case. Specifications of error on the motion for a new trial

raised the same questions in each case. Such variations as exist in the specifications filed with the motion for a new trial in each case do not change the issues. For reasons stated in Montana-Dakota Utilities Co. v. Amann, supra, rulings on the admission or exclusion of evidence and the sufficiency of the evidence to support the verdict are not before us. The instructions given were not challenged. They became the law of the case. We disposed of the only ground for a new trial before us for review involving the claim that excessive damages appear to have been given under the influence of passion or prejudice. Section 28–1902(5), NDRC 1943.

The evidence pertaining to the damages is similar in all cases. The difference is that in some of the cases the easement crosses the entire farm unit involved, and in others only a part thereof. On that basis there was some variation in the proof of damages resulting from the taking of the easement. But regardless of the variations in the proof the principles to be applied are identical in all the cases and their application falls within the contents of our decision in Montana-Dakota Utilities Co. v. Amann, supra. It would serve no useful purpose to set forth the evidence in each case at length.

■ The trial court considered the question of excessive damages in each case and reduced the verdict rendered as to the value of the 50-foot strip. It left intact the damages awarded by the jury in each case to the remainder of the property resulting from the taking of the 50-foot easement. Under the instructions of the court and the evidence we are agreed that passion and prejudice on the part of the jury does not appear in any of the cases. The result, therefore, must be the same in all cases.

The judgments and the orders denying a new trial in all these cases are affirmed.

GRIMSON, C. J., and BURKE, SATHRE and MORRIS, JJ., concur.